## RICHARDSON v. HOYT.

1. **Instruction:** IMPLIED CONTRACT FOR SERVICES. The court instructed the jury as follows: "It is a rule of law, that no person can accept without objection the service of another, without being liable to pay its reasonable value; and I can see no good reason why such rule of law should not be applied to this case:" *held* erroneous, because the jury would surely infer therefrom that the court regarded defendant liable under the rule.

2. ——: ——. An instruction that "if the defendant did not want to pay the plaintiff the reasonable value of his services  *  *  he should have told him so in unmistakable language before he (plaintiff) did anything,  *  *  and then he would have been released from all liability therefor," *held* erroneous, because the jury would infer therefrom that the court held defendant liable under the facts proved, unless they should find that he told plaintiff that he did not want to pay plaintiff the reasonable value of his services.

3. **Implied Contract:** BURDEN OF PROOF. An implied contract, as well as an express one, must be established by evidence before a recovery can be had thereon, and the burden of proof rests upon the plaintiff who seeks to recover thereunder.

4. **Practice in Supreme Court:** ABSTRACT NOT CONTROVERTED. The statements made in an amended abstract which is not controverted must be accepted by this court as true.

*Appeal from Plymouth Circuit Court.*

### THURSDAY, DECEMBER 7.

ACTION at law to recover for services rendered by plaintiff, who is a real estate broker, in selling a tract of land owned by plaintiff. Judgment upon a verdict was rendered for plaintiff. Defendant appeals. The facts of the case are stated in the opinion.

*C. Gottschalk* and *Argo & Kelly,* for appellants.

*I. S. Struble,* for appellee.

BECK, J.—I. The original petition seeks to recover under an express contract, whereby plaintiff was employed by de-

fendant to sell lands, and alleges that the usual and reasonable "value of plaintiff's services is $300." The evidence as to plaintiff's employment was conflicting, and there was testimony tending to prove that plaintiff did render the services with the knowledge and consent of defendant.

II.   The Circuit Court gave to the jury the following instructions:

"3. It is a rule of law that no person can accept without objection the services of another without being liable to pay its reasonable value, and I can see no good reason why such rule of law should not be applied to this case."

"5. If the defendant did not want to pay the plaintiff the reasonable value of his services in finding a purchaser for his farm, he should have told him so in unmistakable language before he did anything in that direction, and then he would have been released from all legal liability therefor."

III.   The third holds that the acceptance of plaintiff's services by defendant, would render him liable, and directs the jury to apply this rule to this case.   The jury would surely infer that the court regarded defendant liable under the rule. They should have been instructed that, if they found defendant accepted the services, he is liable.   No other instruction so directs.   The instruction is clearly misleading and, therefore, erroneous.

1. INSTRUCTION : implied contract for services.

IV.   The fifth instruction was also misleading, in that the jury must have understood therefrom that the court held the defendant liable upon the facts proved, unless the jury should find that defendant told plaintiff "in unmistakable language" that he "did not want to pay the plaintiff the reasonable value of his services." It surely cannot be the law that defendant would be liable under all circumstances for the services of the plaintiff, unless defendant had informed plaintiff that he "did not want to pay the reasonable value of his services;" yet the language of the instruction is to that effect, being without qualification.

2. ——: ——.

V.   The defendant requested the court to instruct the jury

"that the burden of proof is on the plaintiff to prove the

**3. IMPLIED contract: burden of proof.** contract upon which he seeks to recover, * * and if the same is not proven, they should find for defendant." This instruction should have been given. The case seems to have been tried upon the theory that defendant was liable under an implied contract arising from acceptance by defendant of plaintiff's services. After verdict, plaintiff amended his petition, stating his cause of action in that form. An implied contract, as well as an expressed contract, should be established by proof, to authorize recovery thereon, and the burden of the proof rests upon the plaintiff.

VI. Counsel for defendant complain of the first and second instructions given to the jury. An amended abstract,

**4. PRACTICE in supreme court: abstract not controverted.** which is not denied, alleges that no exceptions were taken to these instructions. We have often held that an amended abstract, unless denied, will be regarded as truly presenting the contents of the record. We must regard the instructions as not having been excepted to in the court below. We cannot, therefore, review them. For the error pointed out, the judgment of the Circuit Court is                                                                REVERSED.