F. L. SIEBERTS, Appellee, v. H. E. SPANGLER, Appellant.

**Contract for services:** COLLATERAL AGREEMENTS: PAROL PROOF. Where that part of an agreement reduced to writing expressly recognizes other oral understandings between the parties with reference to the subject matter had prior to making the writing, oral evidence is admissible to show the substance of the conversation, even though the writing is not formally offered.

**Same:** INSTRUCTION: CONFORMITY TO PROOF. In a suit on a contract for services providing that if plaintiff should derive any income from another specified source, the same should be credited on the contract as a part of his salary, failure to submit that question was not erroneous, where there was no claim or proof that any income was so received by plaintiff.

**Same:** FOOTBALL SEASON: JUDICIAL NOTICE: DAMAGES: INTEREST. The compensation due one for services rendered during the football season becomes due, in the absence of a fixed time in the agreement, at the close of the season, and the court will take notice as a matter of common observation that the season ends with Thanksgiving day; so that an instruction authorizing a recovery of interest on the sum found due plaintiff from December 1 was not erroneous because arbitrarily fixing that date as the time when interest would begin to accrue.

*Appeal from Johnson District Court.*—HON. O. A. BYINGTON, Judge.

FRIDAY, NOVEMBER 20, 1908.

ACTION to recover for services rendered under an

alleged contract with the defendant.  Verdict and judgment for plaintiff. and defendant appeals.—*Affirmed.*

*F. C. Byers,* for appellant.

*F. L. Stevens* and *Holbert & Kimball,* for appellee.

WEAVER, J.—On May 12, 1903, the defendant, anticipating an election to the position of manager or director of athletics in the Iowa State University, had a conversation with the plaintiff concerning the employment of the latter as his assistant in managing the University football team, and the nature of the duties to be performed in that position.  This interview resulted in a writing, executed by the defendant to the plaintiff, in the following form:  "I hereby agree to pay F. L. Sieberts $175 to assist me in managing the football team of the State University of Iowa during the football season of 1903, in case I am elected and accept the general management of the athletics of the State University of Iowa.  The work of assisting to be along the line of our talk this evening. If, in case F. L. Sieberts is elected coach of any team of the University one-half of that salary is to be applied upon this agreement.  [Signed] H. E. Spangler."  This action is based upon the agreement thus made, and upon the allegation that the services thus demanded were rendered by the plaintiff.  The answer of the defendant consists of a general denial alone.  On the trial there was no attempt to deny the making of the writing, but there was a controversy over the nature and extent of the services contemplated by the agreement, and whether they were in fact performed.  Each of the disputed propositions was submitted to the jury for a special finding, and each was found against the defendant.  A general verdict was also returned in favor of plaintiff for $175, with interest from December 1, 1903.

I.   Appellant denies the sufficiency of the evidence to sustain a verdict because, says counsel, the action was based upon a written contract which was not proved or submitted to the jury, and the court improperly admitted parol evidence of the agreement.   It is incorrect to say that the plaintiff sues upon a written contract.   The most that can be·said is that the contract pleaded by plaintiff embraces and includes certain written terms, but these terms expressly recognize the existence of certain other oral stipulations or understandings not embodied therein, and it was entirely competent for plaintiff to prove them.   The authorities cited by defendant to the effect that, where the consideration is clearly expressed in a written contract, it can not be varied by parol testimony are not in point.   In this case the services to be rendered are not stated in the writing, but reference is had to a conversation or talk had between the parties prior to the making of the paper. This reference made it proper for the court to admit parol testimony as to the matter and substance of such conversation.   The fact that the paper itself was not formally offered in evidence is immaterial.   Though formally denied by the answer, its terms were admitted by the defendant on the trial.   Moreover it was treated by both parties as being in evidence, and defendant's objection thereto is made for the first time in this court.

*1. CONTRACT FOR SERVICES: collateral agreements: oral proof of same.*

II.   Error is alleged because the court, in stating the issues to the jury, did not mention the stipulation by which plaintiff was to credit upon this contract a part of his salary in case he should be elected coach.   There is no claim or proof that he was elected or received a salary from such a source during the season in question, and the court did not err in omitting to submit that issue.

*2. SAME: instruction: conformity to proof.*

III.   The court instructed the jury that, if the plaintiff was found entitled to their verdict, he would be en-

titled to recover the agreed compensation, with 6 percent interest from December 1, 1903. This is said to be erroneous because the contract fixed no time for the payment of the agreed sum, and therefore the court could not arbitrarily name the date at which interest could begin to accrue. It is true the contract is silent as to the date of payment, but it is an elementary proposition that under such circumstances the agreed compensation will become due not later than the close of the term of service. Plaintiff's employment was for the "football season" of 1903. The testimony, while not specifically directed to that question, all tends to show that the season spoken of was confined to the autumn months of that year. Indeed we think it a matter of common observation, of which the court may take notice, that while the remainder of the year in our great American institutions of learning may be religiously devoted to the study of football, the "season" proper, in which academic investigation gives place to the applied science, begins with the first frost, and ends very appropriately with the day of general thanksgiving. The testimony on both sides shows that a demand by plaintiff upon defendant was made at the close of the season. Whatever he was entitled to receive was then due, and interest thereon would begin to accrue. There was no error in the instruction.

Other propositions have been argued, but they are controlled by the conclusions already announced, or if errors are shown, they are not of a prejudicial nature. The only debatable questions in the case are those of fact, and upon these the verdict of the jury is final.

The judgment of the district court is *affirmed*.

3. SAME: football season: judicial notice: damages: interest.