E. E. BLACKLEDGE et al., Appellants, v. PUNCTURE PROOF RETREAD COMPANY et al., Appellees.

**EVIDENCE:   Parol as Affecting Writings—Absence of Plea of Fraud.**

1   An oral contract which contradicts, modifies, and qualifies a written, contemporaneous contract in its enforcement, consideration, or

executory obligation, may not be shown, in the absence of a plea of fraud.

**PLEADING:** Sufficiency—Failure to Attack Defective Plea. A plea
2  bad in form, but which does tender an issue, is sufficient, in the absence of an attack thereon.

*Appeal from Marion District Court.*—J. H. APPLEGATE, Judge.

MARCH 8, 1921.

ACTION by plaintiffs on two counts. On the first count, they claim to recover money paid to the defendant upon a contract which was afterwards abandoned by the defendant. In the second count, they claim damages for breach of an alleged oral contract, contemporaneous with the written contract set forth in their petition. There was a directed verdict for the defendant on the second count. The first count was submitted to the jury, and a verdict rendered for the plaintiffs. From the order directing verdict for the defendant on the second count, the plaintiffs appealed. Thereafter, the defendant appealed from the refusal of the court to direct a verdict in its favor upon the first count. The defendant appears in the record, therefore, as the appellee.—*Affirmed.*

*Hammer & Tripp* and *W. H. Lyon,* for appellants.

*L. D. Teter,* for appellees.

EVANS, C. J.—I. Plaintiff and defendant are respectively partnerships, the plaintiff being engaged in business at Monroe, Iowa, and the defendant being engaged in a like business at

1. EVIDENCE: parol as affecting writings: absence of plea of fraud.

Pella, Iowa. The written contract entered into between them, as set forth in the petition, was as follows:

"Distributor's Contract.

"This contract, made and entered into this 20th day of March, 1918, by and between the Puncture Proof Retread Company, of Pella, Iowa, party of the first part, and Blackledge &

Porter, of Monroe, Jasper County, Iowa, party of the second part, witnesseth:

"Whereas, the said party of the first part is the sole distributor for the United States for the 'Armstrong Chrome Leather Steel Studded Retreads'—a retread tube attached to used and worn tires, and

"Whereas, the second party is desirous of securing the sale of same in the territory hereinafter mentioned, the parties hereto have agreed as follows:

"First.   That the said first party shall furnish the second party as many retreads as desired as long as the terms of this contract are complied with, present prices as follows:

| Size | Price |
|------|-------|
| 30 x 3½ | $10.70 |
| 32 x 3½ | 11.00 |
| 32 x 4 | 12.85 |
| 33 x 4 | 13.30 |
| 34 x 4 | 13.45 |
| 34 x 4½ | 12.25 |
| 35 x 4½ | 15.25 |
| 36 x 4½ | 15.60 |
| 37 x 5 | 19.75 |

"Said prices being governed by the market on chrome leather, and subject to change in sympathy with the chrome leather market.   All prices are F. O. B.   Terms $1.00 cash payment on each retread contracted for; balance payable cash with order or C. O. D.

"Second.   That for a valuable consideration and the agreement to purchase 1,000 retreads (assorted sizes) to be ordered and delivered as provided herein and a cash payment of $1,000.00 to them in hand paid by the said second party, which sum of $1,000.00 is to be applied as payment on the above-mentioned goods at the rate of one dollar ($1.00) on each retread, the said party of the first part agrees and does hereby grant unto the said second party the sole and exclusive sale of the said 'Armstrong Retreads' for this company in the following territory and no other:   Jasper County, Iowa.

"Third.   Said first party hereby agrees to forward all letters and orders for said retreads (in territory above specified)

to the second party during the life of this contract. It shall be a breach of this contract for the party of the second part to knowingly sell this product in territory not specified herein.

"Fourth. That the party of the first part shall fill all orders for retreads, vulcanizing machines or liquid rubber within thirty days' time after receipt of the order, but not to be responsible for providential causes of delay, strikes or inability to procure material or workmen, the second party expressly agrees to make any claim respecting the above-named goods in writing to the first party within three days after receipt of such goods otherwise all claims not so made shall be considered waived.

"Fifth. That no agreement or representation or warranty of any kind is to be considered as being a part of this contract or any way binding on either party except as appears herein or such as shall be put in writing duly signed and attached hereto. That second party has, prior to signing this contract, seen and examined one of the retreads covered by this contract, its quality and workmanship and is satisfied with same.

"Sixth. In consideration of the fact that the territory hereby assigned is a valuable asset to the said first party, the said party of the second part agrees to order and pay the balance due on 25 retreads each thirty days thereafter, in order to continue this contract in force, and failure of said second party to do so shall *ipso facto* void and revoke this contract without recourse by either party.

"This contract shall remain in full force and effect for a period of five (5) years from date hereof, providing the terms are complied with."

The plaintiff pleaded not only the written contract, but pleaded also certain oral agreements and representations made by the defendant, contemporaneously with the written contract. The general character of such oral agreement and representations was that the subject-matter of the written contract was unqualifiedly guaranteed to stand certain tests and to meet certain standards, all of which were quite beyond any provision of the written contract. No fraud or false representation was pleaded, nor any bad faith on the part of the defendant or its

membership. It will be noted from the contract that it provided for an advance payment of $1,000, which was to apply upon the purchase of 1,000 retreads at the rate of $1.00 per tread as an advance payment. It was averred and proved that the plaintiff had ordered and paid for 138, which it had sold to the trade. It was averred also that such tread was a practical failure, and disappointed all expectations, and that the defendant notified the plaintiff that it would furnish no more thereof to the plaintiff. The first count of the petition asks to recover the unearned part of the $1,000 advance payment which it made, to wit: $862, with interest thereon.

The second count prayed for damages for breach of the oral contract of guaranty pleaded, the measure of such damages being set forth as loss of profits and loss of investment in overhead expense, etc. Nor does this count set forth any allegation of fraud or false representation or bad faith of any kind. The trial court withdrew the evidence of such oral contract and directed a verdict for the defendant on such second count. It also withdrew from the jury all evidence of a contemporaneous oral contract of guaranty, as bearing upon the cause of action set forth in Count 1. But it submitted such count to the jury, upon the allegation therein of abandonment of the contract by the defendant.

All the assignments of error on both appeals are concentrated upon the question whether the oral contract pleaded by the plaintiff was provable in support of either count of the petition.

While it is true, as an abstract proposition of law, that an independent oral contract may be entered into between the parties to a written contract, and contemporaneously therewith, it is also true that such oral contract must be independent in fact, and must not be a contradiction, modification, or qualification of the written contract, either as to its enforcement, its consideration, or its executory obligation. We deem it very clear, in the case before us, that the oral contract relied on by plaintiff did affect the consideration for the contract in an overwhelming sense. It was, in material respects, contradictory thereto. It is argued by plaintiff that the exclusion of these agreements operates as a fraud upon the plaintiff. But the plaintiff had

its privilege to plead the fraud. If the oral agreements and representations pleaded by plaintiff were made fraudulently, there was no impediment in any rule of evidence to plaintiff's proof of the same, upon appropriate allegations. We think the ruling of the trial court in this regard was clearly correct. This conclusion renders it unnecessary that we deal seriatim with the specific grounds of reversal made by the appellant.

II. The defendant, on its appeal, contends that the same rule of evidence which defeated the plaintiff on the second count of its petition should have defeated it on its first count also.

2. PLEADING: sufficiency: failure to attack defective plea.

It is true that the first count also pleaded the contemporaneous oral contract. It is perhaps true, also, that the emphasis of the count is upon the oral contract. Nevertheless, it did plead also the written contract, and it did plead somewhat lightly the fact of *abandonment* of the contract by the defendant. Granted that the pleading was in bad form. It was not attacked. The allegation of abandonment was there. Evidence was introduced in support of it. The trial court confined the submission of that count to the issue made by such allegation. We think there was no error in so doing. The judgment below is, therefore, affirmed on both appeals.—*Affirmed.*

Weaver, Preston, and De Graff, JJ., concur.