J. H. GRIFFEY et al., Appellants, v. MARY LUBBEN, Appellee.

**FRAUDS, STATUTE OF:**  Operation and Effect—Subsequent Modifica-
1  tion.  A written contract for the sale of real estate may, subse-
quent to its execution, be modified by an oral contract as to the
manner of making payments.

**SPECIFIC PERFORMANCE:**  Contracts Performable—Doubtful Equity.
2  Principle reaffirmed that he who demands specific performance must
not leave the record in such condition that there is doubt as to the
equity of his demand.

**SPECIFIC PERFORMANCE:**  Forfeiture of Right.  A vendor of real
3  estate who is under contract obligation to furnish a title free of
all incumbrance, and who, on the performance day and subsequent
thereto, incumbers the property, waives his right to specific per-
formance, even though he intends to satisfy the incumbrances with
the funds which he contemplates getting from the purchaser.

**VENDOR AND PURCHASER:** · Remedies of Purchaser—Recovery of
4 **Payments.** A purchaser of real estate who rightfully rescinds the
contract may very properly demand the return of his advance pay-
ments.

*Appeal from Page District Court.*—GEORGE W. CULLISON, Judge.

## MAY 8, 1923.

### REHEARING DENIED SEPTEMBER 28, 1923.

SUIT to require specific performance of an agreement to
purchase land. There was a decree for defendant, and plaintiffs
appeal.—*Affirmed.*

*Ferguson, Barnes & Ferguson,* for appellants.

*Stipe, Davidson & Davidson,* for appellee.

WEAVER, J.—This action was begun as at law, to recover
judgment against defendant for the agreed purchase price of
land; but, by subsequent amendment to their petition, plaintiffs
sought equitable relief, by way of specific performance. The
principal contract in question bears date March 20, 1920. By
its terms, J. H. Griffey undertakes to sell, and defendant, Mary
Lubben, to purchase, a described tract of 135 acres of land, at
the agreed price of $43,875, payable $2,000 cash in hand, and
the remainder, of $41,875, on March 1, 1921, at which last named
date, deed was to be delivered, and the deferred purchase price
paid. The agreement also contained the usual provisions as to
abstract of title and transfer of insurance. The petition alleges
the plaintiffs' readiness and ability on their part to perform the
contract and make proper conveyance, and that defendant has
made default on her part, and refuses to take and pay for the
property.

Defendant admits the execution of the contract and the
payment of the cash installment, but alleges affirmatively that,
after the making of the agreement and before the expiration of
the time for further performance, the parties, by mutual agree-
ment and consent, so modified the terms thereof that plaintiffs
undertook and agreed to negotiate a loan, by executing a mort-

gage on the land for the sum of $21,875, payment of which defendant would assume, and that, to secure the remainder, of $20,000, defendant would make to plaintiffs a second mortgage, due in five years. Defendant further avers that, in pursuance of said modified agreement, she was ready, able, and willing to carry out and perform its conditions on her part, and did, in fact, tender performance; but that plaintiffs failed and refused to perform on their part; and that, because of said failure on the part of the defendants, she rescinded and disaffirmed the agreement. By way of counterclaim, she asks recovery for the return of the advance payment made.

Other minor issues and disputes between the parties will be considered in the progress of this opinion. On trial below, the court dismissed the plaintiffs' petition, and gave defendant judgment for repayment of the advance installment.

The main reliance of appellee to sustain the decree below is upon the alleged agreement to modify or change the terms of the contract, and upon the alleged fact that plaintiffs did not perform the agreement on their part; while appellants rely for a reversal very largely upon the theory that the alleged modification of the agreement is void, or unprovable, under the statute of frauds.

I. To this latter proposition we give first attention. Upon the question whether a contract which the statute requires to be in writing may be modified or changed in any respect by parol agreement, the precedents are in hopeless conflict. Many of them go to the full extent claimed by the appellants herein, but the weight of authority recognizes such right, either generally or within certain described limitations. This is particularly true where the alleged oral changes or modifications relate to the time, manner, and method of performance of the contract. *Hotchkiss v. Cox,* 47 Iowa 655; *Cox & Shelley v. Carrell & Co.,* 6 Iowa 350; 1 Greenleaf on Evidence (16th Ed.), Section 304; *Neola Elev. Co. v. Kruckman,* 185 Iowa 1254, 1258. The rule in this respect is very clearly stated by the Massachusetts court in *Cummings v. Arnold,* 3 Metc. (Mass.) 486, as follows: After stating the general rule that proof of verbal agreements

1. FRAUDS, STATUTE OF: operation and effect: subsequent modification.

made at and before the execution of the writing is not admissible, the court proceeds:

"But this rule does not apply to a subsequent oral agreement, made on a new and valuable consideration, before the breach of the contract. Such a subsequent oral agreement may enlarge the time of performance, or may vary any other terms of the contract, or may waive and discharge it altogether."

The same opinion quotes approvingly from an English authority, as follows:

"After the agreement has been reduced into writing, it is competent for the parties, at any time before breach of it, by a new contract, not in writing, either altogether to waive, dissolve, or annul the former agreement, or in any manner to add to or subtract from, or vary or qualify the terms of it, and thus to make a new contract, which is to be proved, partly by the written agreement, and partly by the subsequent verbal terms engrafted upon what will be thus left of the written agreement."

This is only another manner of stating the fundamental proposition that, so long as any contract, written or oral, remains executory, it is an essential attribute of the right of persons to do what they will with their own (so long as their acts do not prejudice the rights of others); that the parties thereto may, by mutual consent, change, alter, or amend its terms, or may abandon it altogether; and that, such agreement once made, it affords a complete defense by either to any assertion by the other of any right based upon the original unperformed contract. It makes little difference whether a defense of this character be classed as waiver or estoppel, or be given any other technical label, it operates, when pleaded and proved, to relieve from liability the party sought to be charged upon the alleged contract. As bearing upon the general subject, see, in addition to precedents already cited, *Conroy v. Toomay*, 234 Mass. 384 (125 N. E. 568); *Long v. Hartwell*, 34 N. J. L. 116; *Low v. Treadwell*, 12 Me. 441; *Negley v. Jeffers*, 28 O. St. 90.

It is to be borne in mind that, in the present case, it is not the vendee who is seeking a specific performance of the contract, either as originally made or as subsequently agreed to be modified, but it is the vendor who is demanding such relief. Spe-

2. SPECIFIC PER-
FORMANCE: con-
tracts perform-
able: doubtful
equity.

cific performance rests, in a large degree, within the discretion of
the court; and if the proof offered of a change in or abandonment
of the original contract raises a serious doubt in the mind of the
court as to the equity asserted by the plaintiff, the relief will be
denied, and the vendee will be remitted to his remedy at law, if
any he has. It is true that appellants deny the alleged parol
agreement set up in the answer, but it finds support in the tes-
timony of the defendant and her husband, and in the corroborat-
ing testimony of others; and we are disposed to give weight to
the finding of the trial court's estimate of the veracity of wit-
nesses. In other words, we think the finding of the court in this
respect is sufficiently sustained, and we are disposed to hold that
the alleged parol modification of the contract is established;
that defendant was ready, willing, and able to perform the mod-
ified agreement; and that she rightfully rescinded it. Such
being the case, it follows that the decree of the court denying
plaintiffs' prayer for specific performance of the contract ac-
cording to its original terms must be affirmed. The authorities
cited by appellants are, for the most part, not in point. They
are to the effect that, when the contract has been put in writing,
it is not competent for either party to allege or prove oral agree-
ments or conditions made at or before the execution of the writ-
ing,—a proposition which is not at all inconsistent with the
existence of the right to make subsequent changes or modifica-
tions as to the time and manner of performance, if agreed to by
the parties before a breach of the written agreement.

II. We are further of the opinion that plaintiffs' own
showing and admissions reveal a waiver of their right to insist
upon the contract. Passing the defendant's contention that
plaintiffs failed to perform their agreement to
furnish a satisfactory abstract, and assuming
that plaintiffs were not in default in that re-
spect, it appears without dispute that, on March 1, 1921, the
same day on which the original contract matured, plaintiffs
mortgaged the land in question to a third person for $5,000, and
a few days later, made another mortgage to still another person
for $6,000, thus incapacitating themselves from making good
their contract to defendant on that day, free and clear of incum-
brance. Griffey explains this by saying that he made these mort-

3. SPECIFIC PER-
FORMANCE: for-
feiture of right.

gages to meet his temporary needs, and that he could and expected to remove these liens "if the defendant came across" with her payment to him. In other words, it was his purpose to make use of the money which defendant would pay him, to clear up his title and thus fulfill his contract. Even if the contract had not been modified, we are of the opinion that plaintiffs' intention, no matter how honestly entertained, to use the money collected from defendant in paying off the mortgages, is not the equivalent of present readiness, willingness, and ability to convey an unincumbered title, and that their act in mortgaging the property after the maturity of the contract is sufficient evidence of their waiver of the right to insist upon the sale to defendant.

III. It is earnestly contended that, even if specific performance is denied to the plaintiffs, the court was wrong in entering judgment against them for a return of the advance payment. This position is grounded upon the thought that the nonperformance of the contract is due to the default or failure of the defendant to perform, and that no obligation was thereby imposed on plaintiffs. It is further urged that the trial court had dismissed the defendant's counterclaim, leaving no issue upon which such recovery could be had.

**4. VENDOR AND PURCHASER: remedies of purchaser: recovery of payments.**

As to the first point, it is to be said that the merits of the controversy were decided against the plaintiffs, the decision being, in substance, that defendant was ready, willing, and able to complete the deal by conveyance on the terms finally agreed upon. Under such circumstances, it would be clearly inequitable to permit plaintiffs to retain the advance consideration paid.

As to the trial court's dismissal of the defendant's counterclaim, the contention by counsel at this point is not borne out by the record. Defendant had pleaded as a counterclaim a demand for damages growing out of another alleged real estate transaction with the plaintiffs. She also, in another count, alleged the advance payment of $2,000, and asked for its return. The evidence offered in support of the demand for damages upon the other alleged transaction was weak and unsatisfactory. At the close of the evidence, plaintiffs moved "to dismiss the counterclaim of the defendant, for the reason that the evidence fails

to show that plaintiff has breached any contract for the purchase of land from the defendant, the only contract introduced in evidence never having been accepted, and no obligation on part of plaintiffs ever having been created." This is the motion to dismiss which was sustained, and it applies by its terms to the counterclaim based upon an alleged contract for the sale of land by defendant to plaintiffs, and did not include or refer to the demand for the return of the payment of $2,000 on the contract sued upon by the plaintiffs. This latter counterclaim or cross demand was not dismissed, and the right to recover it fairly inhered in the defendant's right to resist plaintiffs' demand for specific performance.

The case seems to have been fairly tried, and the result appears to be just and equitable. The decree below is, therefore,—*Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.