HARRY ANDERSON, Appellee, v. W. C. FOGLESONG, Appellant.

ALTERATION OF INSTRUMENTS: Material Alterations—Erasure and Reinsertion—Effect. The defense of material alteration in a promissory note after its delivery fails when the proof shows the erasure of a material provision and the subsequent exact reinsertion of that which had been erased.

APPEAL AND ERROR: Party Entitled to Allege Error—Estoppel. A plaintiff who prays for and is given judgment on a promissory note may not insist, on appeal by the defendant, that a particular and material provision of the note was not embraced in the note when it was executed and delivered.

TRIAL: Jury Question—Conflict of Evidence. On a plea in abatement in an action on a note which matures when a certain farm is sold, as "per contract" (which was oral), a fair conflict of testimony as to the terms of such contract and when such provision was inserted in the note necessarily presents a jury question.

Headnote 1: 2 C. J. p. 1220. Headnote 2: 4 C. J. p. 701. Headnote 3: 2 C. J. p. 1293; 38 Cyc. p. 1537.

*Appeal from Madison District Court.*—W. S. COOPER, Judge.

MARCH 9, 1926.

ACTION upon a promissory note. From judgment on a directed verdict for plaintiff the defendant appeals.—*Reversed and remanded.*

*Temple & Temple* and *Guiher & Guiher*, for appellant.

*Leo C. Percival*, for appellee.

VERMILION, J.—The plaintiff's action is upon a promissory note executed by the defendant, a copy of which, it was alleged, was set out in the petition. According to the copy so set up, the note was due "on or before April 1, 1924."

The answer as amended admitted the execution and delivery to plaintiff of a note of like amount on the date of the note, but alleged that the note, when executed, contained an agreement that it was not to become due until what was known as the Anderson farm should be sold by the defendant, and that, after the delivery of the note, it was materially altered by erasing therefrom, without defendant's knowledge or consent, the provision that the note was not to become due until the Anderson farm was sold. It was further alleged that defendant had not yet sold the Anderson farm, and that the note was not due. The answer presented as a complete defense to the note the claim that it had been materially altered after its delivery, and a plea in abatement that the action was premature.

In a reply, plaintiff denied any material alteration of the note, and alleged that the words "this note becomes due when Anderson's farm is sold as per contract" were written on the note after its delivery, with the knowledge and consent of defendant, and that the interpretation placed upon such words at the time was that, should the defendant sell his farm before April 1, 1924, then and in that event the note should be due, but not later than April 1, 1924.

The note was on a printed form, and, as introduced in evidence, bore in writing above the signature of the appellant the words:

"This note becomes due when Anderson's farm is sold as per contract."

It is not disputed that these words are in the handwriting of one Creigher, cashier of the Truro bank. It is the contention of appellee, and the evidence on his behalf tended to so show, that they were first written upon the note by Creigher with appellant's consent at a time when the bank held the note as

collateral security, and without the consent of appellee.  Appellant, although conceding that the words now appearing on the note were written by Creigher while it was in the hands of the bank, contends, and so testified, that the same words were on the note at the time he signed it, and were subsequently erased without his consent, and later rewritten by Creigher.

I.  It is clear that, upon appellant's contention, as disclosed by his testimony, and repeatedly asserted by his counsel in argument, that the words now appearing on the note are the

1. ALTERATION OF INSTRUMENTS: material alterations: erasure and reinsertion: effect.

same as those originally written there at the time the note was executed, his claim of a material alteration, pleaded as a complete defense, must fail.  According to his testimony, the note is now of exactly the same tenor and effect as when he executed it.  2 Corpus Juris 1220; *Reed v. Roark;* 14 Tex. 329 (65 Am. Dec. 127); *Earnest v. Woodlee* (Tex. Civ. App.), 208 S. W. 963.

II.  Upon the plea in abatement, there was a conflict in the testimony as to whether the words in question were on the note at the time of its execution and delivery; and appellee, having

2. APPEAL AND ERROR: party entitled to allege. error: estoppel.

asked and secured a directed verdict in his favor, which he seeks here to sustain, is in no position to insist in this court that the note as originally executed did not contain those words, and that he was entitled to a directed verdict on the plea of abatement.  The action of the court in directing a verdict can obviously not be sustained on the theory that the words in question were not in the note as executed by appellant and delivered to appellee, in view of the conflict in the evidence on that point.  The direction of a verdict can only be sustained, if at all, upon the theory that appellee was entitled, as a matter of law, to recover on the note as introduced in evidence and containing the words in question.

The language is that the note becomes due when the farm is sold, as "per contract."  It is plain that the entire contract is not expressed in the writing.  The writing itself so states.

3. TRIAL: jury question: conflict of evidence.

The contract was partly in writing and partly in parol.  The parties agree that there was a parol understanding that the maturity of the note should be in some manner affected by the sale of the farm, and that the clause in question was written in the note in pur-

suance of such an agreement; but they do not agree as to when the agreement was made, or as to its terms. The language of the note as it stands is ambiguous, but it refers to the contract. It is clear, in this situation, that the language found in the note is not to be looked to alone to determine when it matures, but that this must be determined from the contract to which the note refers. *Sieberts v. Spangler*, 140 Iowa 236; *Sellers v. Dickert*, 185 Ala. 206 (64 So. 40). Testimony was introduced by both parties without objection, as to what the actual agreement was.

If the words in controversy were first written in the note by the cashier of the bank while the bank held it as collateral security, and in pursuance of an agreement that the sale of the farm, if made before April 1, 1924, should accelerate the maturity, but not postpone it beyond that date, as the testimony on behalf of appellee tended to show, the plea in abatement must fail, and plaintiff would be entitled to recover. But, if the words were in the note at the time of its execution by defendant, and were in pursuance of an agreement then made that it should not mature until the farm was sold, as the testimony on behalf of appellant tended to show, the action was premature, and the plea in abatement was good. Upon this point the testimony was in sharp conflict, and the question was clearly one for the jury.

In any view of the case, on the issues presented by the plea in abatement the question was for the jury, and the court was in error in directing a verdict for the plaintiff. There is no claim that the note was due, under the doctrine of *Dille v. Longwell*, 188 Iowa 606, in a reasonable time.

The cause is—*Reversed and remanded.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.