RALPHE H. COX, Appellee, v. FLEISHER CONSTRUCTION COMPANY, Appellant.

No. 36815.

April 7, 1927.

Supplemental Opinion January 10, 1928.

Opinion on Rehearing February 12, 1929.

Rehearing Denied June 24, 1929.

*Carr, Cox, Evans & Riley,* for appellant.

*Stipp, Perry, Bannister & Starzinger* and *William Hossfeld,* for appellee.

De Graff, J.—This is the third submission of this cause in this court. The opinion in the original submission is found in 213 N. W. 442, and the supplemental opinion on rehearing is found in 217 N. W. 426.

Appellee's action is for compensation for services rendered to the appellant in securing contracts for the construction of a number of buildings in the city of Des Moines. The appellee's petition is in three counts. One of said counts seeks recovery on a written contract between the parties, executed March 1, 1922, providing for the payment of a commission to the appellee for services in developing and assisting in financing the construction of income-bearing properties; and appellee alleges that he performed services thereunder in connection with the property known as the Commodore Apartments. Appellee avers that, on or about September 15, 1922, the appellant and appellee entered into an oral contract respecting the amount that should be paid to appellee under the contract of March 1st for his services connected with the Commodore Apartments, and alleges that appellant agreed to purchase and deliver to him for his said services common stock of the Commodore Building Company of the par value of $6,250 and preferred stock of the Commodore Building Company of the par value of $20,000, and alleges that appellant has failed and refused to purchase and deliver said stock to appellee; and damages are prayed therefor in the sum of $26,250.

In another count, the appellee sued in *quantum meruit* for services performed in connection with obtaining the contract for the construction of the Commodore Apartments. This count was not submitted to the jury.

In another count, the appellee claimed that he had rendered services under the contract of March 1, 1922, and obtained for the appellant a contract for the construction of three apartment houses in the city of Des Moines, known as The Oaks, The Birches, and the Elmwood; also a contract for the construction of a property known as the Bolton Apartments, and another property known as the Frederick. Appellee also set up a contract dated June 22, 1922, alleging the same to be supplementary to the contract of March 1, 1922, and referring to the last three described properties. Appellee claimed that there was a balance due under said contracts of $6,700.

The appellant in its answer admitted the execution of the contract of March 1, 1922. By way of counterclaim, appellant avers that the appellee had breached said contract of March 1, 1922, by failing to give his entire time to the business of appellant and by diverting business to others, and sought damages therefor in the sum of $5,000. This counterclaim was withdrawn by the court. Appellant also pleaded that it had paid appellee $12,-161.01, and alleged appellee's breach of contract, and sought recovery of said sum by way of counterclaim. This counterclaim was withdrawn from the consideration of the jury.

Appellant further pleaded that, on or about the 25th day of October, 1922, it entered into a written agreement with the appellee, with supplement thereto, by which the latter agreed to buy from the appellant 62½ shares of the common stock of the Commodore Building Company at par, and prayed judgment for $6,250 under said contract. Appellant's motion for a directed verdict was overruled.

I. We first consider the question with regard to the 62½ shares of stock for which appellee sought recovery. Appellee  relied on an alleged oral agreement of September 15, 1922, under which he claims that appellant agreed to buy and deliver said stock to appellee for his compensation for work in connection with the Commodore Apartments. It

appeared, however, that, on October 25, 1922, the parties entered into a written contract, which, among other things, provides:

"The company does hereby agree to sell to each of the parties of the second part, sixty-two and one-half (62½) shares of the common stock of said Commodore Building Company at par, and guarantees that there will be no claims against said company or liens against said premises including building, except those which are herein mentioned.

"Each of the parties of the second part does hereby agree to purchase sixty-two and one-half (62½) shares of the common stock of said Commodore Building Company from the party of the first part at par, and pay for the same at such time as the building has been delivered to the Commodore Building Company and upon the delivery of said stock."

Appellant is the "company" referred to in said contract, and appellee is one of the "parties of the second part." Appellant contends that the court erred in admitting the evidence of the appellee of the alleged parol agreement of September 15, 1922, the claim being that the written agreement of October 25, 1922, alone must govern. Appellant invokes the familiar rule that, between the parties, parol evidence of a prior oral agreement is not admissible to vary the terms of a written agreement.

The oral testimony in regard to the alleged parol contract of September 15, 1922, is as follows:

"Q. What was said between you and Mr. Fleisher about this common stock of the Commodore Building Company? (Objected to as incompetent, tending to vary the terms of the written instrument by parol, in the contract, the execution of which is admitted in the pleadings, and the $6,250 which this plaintiff offered to buy is merged in the contract. Overruled. Excepted to.) A. Mr Fleisher said 'all right' to my receiving $20,000 of the preferred stock and one fourth of the common stock; he agreed to pay for that and give that to me as part of my commission. (Move to strike the statement 'He agreed to pay for that,' as a conclusion of the witness. Sustained. Excepted to.)

"Q. What did you say to Mr. Fleisher about his paying for the $20,000 of preferred stock and the $6,250 of common

stock and delivering it to you as a commission on the Commodore Apartments? A. I accepted it.''

It is unnecessary to cite authorities sustaining the familiar rule that parol evidence is not admissible between the parties to change or vary the terms of a written instrument. We have, however, recognized the rule that, where the parol evidence tends to show an independent oral contract which is not a contradiction, modification, or qualification of the written contract, evidence of the parol contract is admissible. *Ingram v. Dailey,* 123 Iowa 188; *Hall v. Burnard,* 138 Iowa 523; *Sieberts v. Spangler,* 140 Iowa 236.

The question at this point is whether the alleged oral contract is so independent of the written contract that evidence in regard to it is admissible. Both contracts deal with 62½ shares of common stock in the Commodore Building Company. Both contracts refer to a transfer of that number of shares of stock from the appellant to the appellee, but there is a distinct variance between the two agreements as to the payment for said shares. While both contracts refer to the same *number* of shares of stock, it by no means follows that they refer to and deal with the same shares. It is the contention of the appellee that by the oral contract of September 15, 1922, he was to receive 62½ shares of the common stock of the Commodore Building Company as a part of his commission. The written contract of October 25, 1922, requires the appellee to purchase and pay for 62½ shares of said stock. The oral contract required said number of shares of stock to be delivered to the appellee in part payment of his services. The written contract required the appellee to purchase and pay for the same number of shares of stock. This latter required payment in money. The written contract is complete in itself, and the attempt to show that the payment for the said shares of stock therein provided for was to be by services or in some other way than as expressed in said written instrument—that is, by an oral agreement—is, we think, clearly in contravention of the parol-evidence rule. *Witthauer v. Wheeler,* 172 Iowa 225; *Blackledge v. Puncture Proof Retread Co.,* 190 Iowa 1303; *Edwards v. Wagner,* 191 Iowa 822; *Jones v. Sargent,* 193 Iowa 1256; *Griffey v. Lubben,* 196 Iowa 465; *Cady v. Lyman,* 198 Iowa 661.

464

The appellee was entitled to go to the jury on the question of his right to receive 62½ shares of stock from the appellant under his oral contract of September 15, 1922, as part payment of his commission, and the appellant was entitled to recover upon its counterclaim under the written contract of October 25, 1925, for the 62½ shares of stock which the appellee agreed by said contract to purchase, and for which he has not paid.

II. In one count of his petition the appellee claimed that, on or about the 15th day of September, 1922, he entered into an oral contract with the appellant, determining the amount of commission the appellee was to receive for his services in developing and assisting in financing and obtaining the contract for construction of the Commodore Apartments, and that, under said oral contract, the appellant agreed to deliver to the appellee for the services so performed 62½ shares of common stock, and also preferred stock of the Commodore Building Company of the par value of $20,000. The appellee contends that the preferred stock of the par value of $20,000 was never turned over, and he seeks to recover the value thereof, which he alleges to be $20,000. It is argued by appellant that the court erred in admitting testimony of certain witnesses whose evidence tended to show the value of said preferred stock in the Commodore Building Company. It is contended that the evidence of said witnesses with regard to the value of the stock refers to a time too remote from the time when appellee contends the stock was to be delivered to him to fix any proper measure of value. It does not appear that any objection of this kind was urged against the evidence of these witnesses. The motion for a directed verdict was general in its terms, and to the effect that "there is no competent evidence of the value of the stock which plaintiff claims was to be delivered to him as compensation." No motion to strike the testimony of the witnesses was made. The appellant offered no evidence whatever with regard to the value of the stock. The appellee testified in regard to the value of the stock. The evidence of value is meager, but there is no such showing of error in the admission of testimony on the question as would warrant interference on our part. There was sufficient evidence of the value of the stock to carry the question to the jury.

III. Appellant contends that the trial court erred in refus-

ing to allow appellant to show the cost of the construction of the Commodore building. The assignment of error on this question is indefinite and uncertain. *Monona County v. Gray*, 200 Iowa 1133; *Goben v. McGee* (Iowa), 196 N. W. 1005 (not officially reported). We fail to find any prejudicial error pointed out in excluding the offered testimony as to the alleged cost of the Commodore property. It is contended that the court erred in giving Instruction No. 16 in regard to such subject-matter. This will be considered later.

IV. Appellant contends that the court erred in overruling appellant's motion for a directed verdict, made at the close of all of the testimony. Appellant contends that appellee's evidence in regard to the alleged oral agreement of September 15, 1922, by which he was to get $20,000 of the preferred stock of the Commodore Building Company, was so indefinite, uncertain, conflicting, and inconsistent that the court should not have submitted appellee's claim to the jury. We think that the appellee made a case for the jury on this question, under the entire record. The appellee's evidence is not so utterly wanting in credibility, nor so wholly inconsistent, as to warrant the court in holding, as a matter of law, that it did not present a question for the determination of the jury.

The written contract of March 1, 1922, contained the following provision:

"Further, the party of the second part [appellee] agrees to devote his whole time to the business of the party of the first part [appellant] and to hold himself at all time subject to the disposition and instructions of the party of the first part [appellant] as it shall apply to the intent of this contract."

One ground of appellant's motion to withdraw appellee's claim from the consideration of the jury was as follows:

"The undisputed evidence shows that the plaintiff was, during the time when the contract of March 1, 1922, was in force, devoting part of the time to other business of his own, and is therefore not entitled to recover any compensation, even if it had been previously agreed upon."

Appellant now argues that the evidence tends to show that the appellee had breached the contract, in that he had not devoted

his whole time to the business of the appellant, and therefore had been guilty of fraudulent conduct towards his employer, and was not entitled to recover any compensation. There was evidence from which the jury might have found that the outside work performed by appellee was done with the knowledge and consent of the appellant. Under the entire record, we do not think the court erred in overruling the appellant's motion upon this ground. The court submitted the question to the jury, and instructed them as follows:

"That the burden of proof is upon the plaintiff to show by a preponderance of the evidence that he did devote his entire time and energy to developing, assisting, and financing the buildings for construction by the defendant, and that he did devote his entire time and energy to the defendant's business. And if he has failed so to do, then plaintiff would not be entitled to recover any balance which might have been due under the terms of said contracts Exhibits A and B."

There was no reversible error at this point.

V. The appellant contends that the court erred in not giving any instruction on the *quantum meruit* count contained in plaintiff's petition. The court did not in specific terms withdraw  this count from the consideration of the jury, but the court did not submit this count in any way to the jury, either in a statement of the issues or otherwise. This was as effectual a withdrawing of the count from the consideration of the jury as though it had been done in express terms. There was no error at this point of which appellant can complain.

Instruction No. 10, complained of by appellant, could not have been misunderstood by the jury as referring to the *quantum meruit* count. By agreement, two cases had been consolidated, and, technically, the numbering of the counts in the combined petitions was not followed by the court in its instructions; but neither the jury nor counsel could have been misled by the court's statement of the counts that were in issue and which were submitted to the jury. It cannot be successfully contended that the court submitted the *quantum meruit* count to the jury, under any reasonable construction of the instructions.

VI. Appellant challenges Instruction No. 11. The excep-

tions to this instruction were upon the grounds : (1) "That it involves an assumption that the execution of the contract between the Commodore Building Company and the Fleisher Construction Company constituted a compliance with the contract which plaintiff claims was entered into, fixing his compensation;" and (2) that the court erred "in failing in said instruction or elsewhere to define to the jury what would constitute a performance on the part of the plaintiff of the contract which he alleges was made, relating to his compensation."

It is a well established rule that the instructions are to be read and construed as a whole, and when they are so read, we do not think that there was error in giving Instruction No. 11 that would warrant a reversal of the case. In said instruction the jury were told that the plaintiff claimed that he had duly performed all of the terms and conditions of the contract on his part. The court did not tell the jury in said instruction that the execution of the contract between the Commodore Building Company and the Fleisher Construction Company constituted a full compliance with the contract between the appellant and the appellee. There was no dispute in the evidence in regard to the execution of said contract. In other instructions, the court specifically told the jury that the burden of proof was on the appellee to show by a preponderance of the evidence that he had complied with the contract and had fully performed and rendered the services required of him by said contract. We do not think Instruction No. 11 is subject to the exceptions urged against it, especially when said instruction is considered, as it must be, in connection with the other instructions in the case.

VII. Appellant complains of the giving of Instruction No. 13. There was no exception taken to said instruction before the lower court, and therefore we cannot consider it on appeal. *Peterson v. McManus*, 187 Iowa 522; *In re Estate of Champion*, 190 Iowa 451.

VIII. Appellant predicates error upon the giving of Instruction No. 14. This instruction had to do with the claim of mutual abandonment of the written contract between the appellee and the appellant. The appellee contended that the sums due him for which recovery was sought had become due him prior to the time of such claimed abandonment. In said Instruction 14

the court told the jury that the burden of proof rested on the appellee to establish by a preponderance of the evidence that there was an abandonment of said contract, and further told the jury that, if they found that the contract was in fact abandoned, and that the appellee failed to devote his whole time and energy to the business of the appellant, and that such failure occurred after the contract had been abandoned, then such failure on the part of the appellee to devote his whole time and energy to the business of the appellant would not defeat his right of recovery. We do not think the instruction is vulnerable to the only exceptions that were urged to it. There was evidence of a mutual abandonment of the contract sufficient to carry that question to the jury, and the exceptions urged to the instruction were not well taken. It may well be that the instructions might properly have been more specific in regard to appellee's duty to complete his contract with respect to the properties involved, even if he was not required to secure new business; but no instruction of this kind was asked by the appellant, and no exception of this character is lodged against the instruction that was given. We cannot predicate reversible error upon the giving of Instruction 14 in the form in which it was.

IX. Instruction No. 15 is as follows:

"Plaintiff further claims that, if there was any failure on his part to devote his whole time and energy to the business of the defendant, the same was consented to by the defendant prior to the time of such failure by the plaintiff, and that the defendant knowingly agreed thereto, and waived any right on the part of the defendant that he might have, requiring the plaintiff to devote his whole time and energy to the business of the defendant by reason of the knowledge on the part of the defendant and his consenting thereto.

"The burden is upon the plaintiff to prove by a preponderance of the evidence such waiver on the part of the defendant, if any there was; and before you can find that there was such waiver on the part of the defendant, it must clearly appear that the defendant was in possession of all the material facts upon which waiver is based, and with a full knowledge of such facts he consented to the failure on the part of the plaintiff to devote his whole time and energy to the defendant's business, *and that he*

*knowingly omitted to inform plaintiff, so that plaintiff might have taken the precaution for his own protection, and have acted in some manner otherwise than he did.* If you find that there was such waiver on the part of the defendant, then the failure of the plaintiff to devote his whole time and energy to the defendant's business would not defeat plaintiff's right to recover in this action."

Appellant's attack is particularly directed against the clause of the instruction which we have italicized above. Appellant contends that by said clause of the instruction the court placed  the burden upon the appellant to advise appellee to desist from breach of contract, and that the effect of the instruction is that there would be waiver by appellant if he did so omit to inform the appellee. If the construction contended for by the appellant is correct, the instruction was clearly erroneous. It is not the law that one can be held to have waived the performance of a contract by another where he knows that the other party has breached the contract and omits to inform him of his knowledge of such breach, so that the opposite party may take precaution for his own protection. In other words, one does not waive a breach of contract on the part of another party by failure to notify such party that he has knowledge of such breach. As bearing on this question, see *Richardson v. Hoyt*, 60 Iowa 68. We think the instruction as a whole is not susceptible of the construction contended for by the appellant, and that the jury were not misled thereby. The instruction is not as clear, lucid, and concise as the court might well have made it, but we think a fair interpretation of the instruction, when read as a whole, does not leave it justly open to the criticism contended for by the appellant that it placed too heavy a burden upon it.

X. Complaint is made of the giving of Instruction No. 16, in which the court told the jury that, if they found appellee entitled to recover, the amount of his recovery would be: (1) The  fair and reasonable market value of the $20,000 of preferred stock in the Commodore Building Company; and (2) the fair and reasonable value of the 62½ shares of common stock in the Com-

modore Building Company. In connection with the last item, the court told the jury as follows:

"The fair and reasonable value of said 62½ shares of common stock is a fact to be determined by you, and may be arrived. at by determining the market value of the property represented. by such stock, and earning capacity thereof, together with the amount of stock and other capitalization issued against the same, and the incumbrance thereon, together with all other facts in evidence and all circumstances bearing upon the question of value."

Appellant argues, first, that the court erred in referring to the recovery as being on "Count 2 of the petition," and that this referred to the *quantum meruit* count. As we have previously pointed out, the court in no way submitted the *quantum meruit* count, and it was perfectly obvious that the "Count 2" which the. court set out in his instructions and referred to all the way through was not the *quantum meruit* count. Even though it was numbered otherwise in the consolidated cases, the court did not err by giving it a different number and submitting it as such. The jury could not have been misled. As before pointed out, there was some evidence in the record in regard to the value of the property represented by the stock. We think the instruction is not vulnerable to the criticism urged against it.

XI. Instruction No. 17 pertains to the 62½ shares of common stock of the Commodore Building Company. The court instructed the jury that the contract of October 25, 1922, and supplement thereto, were admitted by both parties, and told the jury that:

"Under and by virtue of the terms of said contract, defendant would be entitled to recover the sum of $6,250, unless you find that said common stock was to have been purchased by the defendant and delivered to the plaintiff by the defendant as a part of the commission for the services rendered by the plaintiff in developing and assisting in financing and securing the contract for said Commodore Apartments. So that, if you find, under these instructions, that the 62½ shares of common stock of the Commodore Building Company was to be received by the plaintiff from the defendant as compensation for services ren-

dered in connection with the Commodore Apartments, and the defendant had agreed to pay for the said common stock and deliver the same to the plaintiff, then defendant would not be entitled to recover against the plaintiff on his counterclaim, and you need inquire no further, but find for the plaintiff on said counterclaim. If, however, you find that plaintiff has failed to prove that said 62½ shares of common stock was to be purchased by the defendant and delivered to plaintiff, then defendant would be entitled to recover on his counterclaim against plaintiff in the sum of $6,250, with interest thereon at the rate of 6 per cent from the 9th day of August, 1923.''

The effect of this instruction is to tell the jury that the appellant was entitled to recover under the written contract of October 25, 1922, and the supplement thereto, unless the jury found that the appellee had proven that the contract in regard to said 62½ shares of stock was as claimed by the appellee. The effect of this instruction was to tell the jury that the written contract between the parties in regard to the subject-matter of the 62½ shares of stock was binding upon the parties unless the appellee had proven by parol that the contract was other and different than as recited in said written instrument. As we have previously pointed out, the court erred in admitting parol proof to change and vary the terms of the written instrument, and necessarily erred in submitting the question to the jury as to whether or not the written instrument had been so changed by the proof of parol contract that necessarily contradicted, varied, and changed its terms. The undisputed evidence showed the existence of the written contract of October 25, 1922, and also showed that the appellee had failed to pay for the said 62½ shares of stock at the par value thereof. The court erred in giving Instruction No. 17, and in failing to instruct the jury peremptorily that, under the undisputed record in the case, the appellant was entitled to recover on its counterclaim for the par value of the said 62½ shares of stock, which was $6,250.

For the reasons pointed out, the verdict of the jury is excessive in the amount of $6,250, with interest thereon at the rate of 6 per cent from the 9th day of August, 1923.

The appellee has heretofore filed a remittitur in the sum of

472

$6,250, with 6 per cent interest thereon from August 9, 1923, to the date of filing said remittitur. If the appellee now elects to allow said remittitur to stand, with 6 per cent interest to the date of the filing of this opinion, then the judgment appealed from, as so reduced, will be affirmed; otherwise reversed. The costs in this court will be taxed three fourths to appellant and one fourth to appellee.—*Affirmed on condition.*

ALBERT, C. J., and STEVENS, FAVILLE, MORLING, and KINDIG, JJ., concur.

EVANS, J., takes no part.

WAGNER, J., dissents.