ASTRUC v. STAR CO.

(Circuit Court of Appeals, Second Circuit. April 14, 1913.)

No. 200.

1. LIBEL AND SLANDER (§ 123*)—"RECKLESSNESS"—"WANTONNESS"—DETER-
MINATION—QUESTION FOR JURY.

"Recklessness" and "wantonness," as applied in the law of libel, are
inferences of fact, to be drawn from the facts proved, and are matters
for the determination of the jury.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 356–
364; Dec. Dig. § 123.*

For other definitions, see Words and Phrases, vol. 7, pp. 5999–6001;
vol. 8, pp. 7781, 7386, 7387.]

2. LIBEL AND SLANDER (§ 110*)—NONLIBELOUS STATEMENTS—TRUTH.

Where plaintiff, in an action for libel, set forth the whole article al-
leged to be libelous, including nonlibelous parts, put the whole article in
evidence, and read it to the jury, he could not with propriety object to
proof that its derogatory, though nonlibelous, statements were true.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 307–
314; Dec. Dig. § 110.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This cause comes here upon appeal from a judgment of the District Court, Southern District of New York, entered upon the verdict of a jury for six cents in favor of plaintiff in error, who was plaintiff below. 195 Fed. 349.

Maurice Leon, of New York City, for plaintiff in error.

C. J. Shearn, of New York City, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. This libel was considered in our opinion (193 Fed. 631, 113 C. C. A. 499, 40 L. R. A. [N. S.] 79) upon review of the first trial, when many of the questions which have been argued here were decided. The testimony was substantially the same on both trials.

The trial judge sent the case to the jury with a very careful charge, which fully covered the whole cause and was in substantial conformity to our former decision. We think it unnecessary to discuss the case at length. The plaintiff's contention is that, since the libel was proved to be a reckless and wanton invention of defendant's Paris correspondent, the trial judge erred in leaving the question of mitigation of damages to the jury. The difficulty with this contention is that it presupposes a finding by the court, as a matter of law, that the particular publication was reckless and wanton.

[1] Recklessness and wantonness, however, are inferences of fact, to be drawn from the facts in proof, and are matters which the jury are to determine. The reasons which plaintiff urges for reversal might be good if addressed to the jury, or even to the trial court on a motion for a new trial. That court might properly, if it felt so inclined, have told the jury that the facts would warrant their finding that publication was reckless and wanton; but it might with equal propriety decline to express any opinion of its own on that question, merely charging them that, if they found the publication was reckless and wanton, they might find that there was such malice as would warrant their giving punitive damages. We find no error in leaving that question to be decided by the jury, and they were entitled to have submitted to them everything which disclosed the circumstances under which the article was prepared and published.

[2] Having himself set forth the whole article, including the non-libelous parts, and having put it in evidence and read it to the jury, he could not with propriety object to proof that its derogatory, though nonlibelous, statements were true.

The amount of damages was properly left to the jury, with instructions they might award any sum between six cents and the amount claimed in the complaint. The difference between compensatory and punitive damages was fully and correctly explained to them. We find no error in the rulings on evidence or in the charge.

The judgment is affirmed.