JOHN P. HORNISH, Appellee, v. SUSAN L. OVERTON et al., Appellants.

October 16, 1928.

E. H. Pollard, for appellants.

John P. Hornish and E. C. Weber, for appellee.

WAGNER, J.—The plaintiff in his petition alleges his cause of action to be based upon an oral contract with E. S. McChord,

by the terms of which McChord agreed to pay the plaintiff 50 per cent of all that the plaintiff would recover or obtain for him from the Elias Overton estate. He further alleges, in substance, full performance by him of said oral contract; that, as attorney for the plaintiff, he was successful in recovering for McChord the sum of $669.36, which amount was collected and paid into the hands of the clerk of the district court.

The defendants answered by general denial, and by pleading lack of authority for plaintiff's acting as attorney for McChord. Trial to a jury was had on the issues joined, which body returned a verdict for plaintiff, and judgment was rendered upon the verdict in favor of the plaintiff and against the defendants. Defendants appeal.

The amount of McChord's recovery from the Elias Overton estate, to wit, $669.36, is the result of the litigation in *Packer v. Overton,* 200 Iowa 620.

Appellants' assignments of error are with reference to the action of the court in overruling motion for directed verdict at the close of plaintiff's evidence, which motion was renewed at the close of all the evidence, in overruling exceptions to the court's instructions, and in overruling motion for a new trial, based upon alleged improper argument by the attorney for plaintiff; and upon rulings made upon the introduction of evidence.

The record reveals that there was testimony tending to establish the oral contract as claimed by the appellee, and his full performance thereof.

One ground of appellants' motion for directed verdict is that the undisputed testimony shows that there was an abandonment of the contract by the appellee. The conclusive answer to this contention of the appellants' is that there is evidence from which the jury would be warranted in finding full performance of the contract by the plaintiff.

The substance of the remaining grounds of appellants' motion for a directed verdict is that the testimony conclusively shows that the said oral contract was terminated by the discharge of appellee as attorney for McChord.  The conclusive answer to this claim of the appellants' is that there is no allegation in the answer of termination of the contract, or discharge

by McChord of the plaintiff as attorney. There could be no termination or discharge unless a contract had been entered into. Termination or discharge would necessarily have to be raised by a plea of confession and avoidance. The answer of the appellants neither expressly nor impliedly admits the execution of the contract as claimed by the appellee, but denies the same.

Moreover, the conversation by which the appellee claims the oral contract was entered into was in March, 1923, and McChord testified, as a witness, that he did not know he had been made a party plaintiff in the action to recover a sum against the Elias Overton estate until about the last of March, 1923, and that, after Hornish left his place in March, 1923 (the place where, and the time when, plaintiff claims the oral contract was entered into), he never had any further conversation with the plaintiff, and never wrote him. It is thus apparent that, if a contract of employment was entered into, it has not been terminated by McChord, and there is evidence by the plaintiff and by Davidson, brother-in-law of McChord, from which the jury would be warranted in finding that the oral contract was entered into, as claimed by appellee. Thus it is manifest that the court was right in overruling appellants' motion for a directed verdict.

In the exceptions to the court's instructions, the appellants complain that the court failed to instruct the jury that McChord had a right to terminate the employment of the plaintiff, and that, if such contract of employment had been terminated prior to the full performance of the contract, plaintiff could not recover. The conclusive answer to this contention of the appellants' is that there is neither plea nor proof of termination of the contract.

The appellants further complain of the failure of the court to instruct upon the question of abandonment of the contract by the appellee. The court clearly instructed the jury that the burden was upon the plaintiff to establish his right to recover by a preponderance of the evidence, and that, if they found that a contract was entered into between plaintiff and E. S. McChord, as alleged by plaintiff in his petition, and that the terms of such contract, if any, were carried out by the plaintiff, then the plaintiff is entitled to recover. The instruction necessarily covers the proposition of abandonment urged by the appellants. There

could be no performance or carrying out of the terms of the contract, if it had been abandoned by the appellee. The jury, under the court's instructions, found that there was a contract, and that it had been performed or carried out by the plaintiff. The instruction as given was correct. No instructions were requested by the defendants, and in this state of the record, there is no error on the part of the trial court for failure to amplify the instructions.

The appellants complain because the court received in evidence the decree in *Packer v. Overton,* supra, over their objection that it was admitted by defendants that judgment was secured, and that the court found that E. S. McChord was one of the heirs and that his part amounted to $669.36. No such admission is contained in the answer. The decree was admissible over the objection as made, for it tended to show performance of the contract by the appellee. Moreover, were there any admission of record, as claimed by appellants, the receiving of the decree in evidence would not be prejudicial to the appellants.

As hereinbefore stated, the appellants answered by general denial, and by pleading lack of authority for plaintiff's acting as attorney for McChord. It is true that the answer is amplified by statements which are not statements of ultimate fact, but which are evidentiary in character. The appellants offered evidence which the court, on appellee's objection, excluded. The appellants contend that the offered evidence was admissible, under the rule of law announced in *First Nat. Bank v. Zeims,* 93 Iowa 140, *Ormsby v. Graham,* 123 Iowa 202, *Hinman v. Treinen,* 196 Iowa 701, *New Prague F. M. Co. v. Spears,* 194 Iowa 417, and *Roberts v. Ozias,* 179 Iowa 1141, that averments in an answer which are legally insufficient to constitute a defense, and which are unquestioned, or not attacked by motion, demurrer, or reply, are a defense; while, if they had been so attacked, they would not be sufficient to constitute a defense. Appellants' offer of evidence did not comply with the averments in the answer, and the rule of law announced in the foregoing cases is not applicable to the situation which confronts us. The evidence excluded by the court was clearly inadmissible, and there was no error at this point.

The appellants' next complaint is that the appellee's attorney was guilty of misconduct by way of improper argument to the jury. This proposition is attempted to be raised by affidavit of the appellants' attorneys, attached to and constituting a portion of appellants' motion for a new trial. The arguments of counsel were not made of record. Our statutory law relative to a bill of exceptions, to wit, Section 11545 of the Code of 1924, provides that:

"When the decision is not entered on the record, or the grounds of objection do not sufficiently appear therein, the party excepting must reduce his exception to writing and present it to the judge for his signature [this was not done in the instant case], which, if it fairly presents the facts, he shall sign."

Said section further provides that:

"If he [the judge] refuses, the party may procure the signature of two bystanders attesting that the exception is correctly stated, and that the judge has refused to sign the same, which bill of exceptions shall then be filed with the clerk and become a part of the record."

A bill of exceptions signed by bystanders is not permissible unless the judge has refused to sign the same. The bill of exceptions which they sign must show affirmatively that the judge has refused to indorse the correctness of its statements. *Chew v. O'Hara & Co.,* 110 Iowa 81. This court has held that it cannot consider alleged misconduct of counsel on the trial below when the only evidence of such misconduct contained in the record is in the form of affidavits made by the attorney or attorneys of the appellant. *St. John v. Wallace,* 25 Iowa 21; *Hall v. Carter,* 74 Iowa 364; *State v. Kilduff,* 160 Iowa 388; *Rayburn v. Central Iowa R. Co.,* 74 Iowa 637. It is manifest from the foregoing as to the claimed misconduct of counsel that there is nothing before us for our consideration.

We have considered all the alleged errors assigned by the appellants, and find no merit therein. The judgment of the trial court is hereby affirmed.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.