BRENNAN & COHEN, Appellee, v. NOLAN LAUNDRY COMPANY, Appellant.

No. 40257.

FEBRUARY 18, 1930.

*Baron & Bolton,* for appellant.

*E. G. Smith,* for appellee.

WAGNER, J.—The plaintiff is a copartnership, engaged in the "cleaning business," and the defendant is a corporation operating a laundry, both at Sioux City. In February, 1928, the plaintiff, by oral contract, purchased from the defendant two water softeners, at the agreed price of $400, to be installed in plaintiff's place of business by the defendant. The defendant furnished the plaintiff considerable business in the way of cleaning, and it was agreed that the defendant was to have credit at the rate of $50 per month on the purchase price of the water softeners on its account for services to be rendered by the plaintiff for cleaning. What was done in rescinding the contract occurred in September of the same year, at which time

the plaintiff attempted to deliver the softeners at defendant's place of business, which the defendant refused to accept, and at the same time, the plaintiff demanded the previous credits or payments, in the amount of $300.

It is plaintiff's claim that, as a part of the negotiations for the sale of the water softeners, the defendant orally represented and warranted that they were in good condition, and would  produce sufficient water, properly softened, with which to conduct the plaintiff's business. There is ample evidence in support of this claim of the plaintiff's. The court submitted said claim in its entirety to the jury. It is the appellant's contention that that portion of the representation as follows, ''would produce sufficient water, properly softened, with which to conduct the plaintiff's business,'' should not have been submitted to the jury, and that any evidence relative to the same should have been excluded. To this contention of the appellant's we do not agree. See Section 9941 of the Code, 1927; *Conkling v. Standard Oil Co.*, 138 Iowa 596; *Briggs & Lucas v. Rumely Co.*, 96 Iowa 202. As shown by the record, the general manager of the defendant company, who made the sale, was well aware of the purpose for which the plaintiff desired the water softeners. Any affirmation of fact or any promise or assurance by the seller relating to the goods is an express warranty, if the natural tendency of such promise is to induce the buyer, relying thereon, to purchase the goods. The court, in the instructions, properly left it for the jury to find and determine whether or not the representation was made as an affirmation of fact, or as merely the opinion of the representative of the seller.

Another contention of the appellant's is that the rescission was not made within a reasonable time, and that for said reason the court should have sustained its motion for a directed verdict.  It is the requirement of the law that rescission for breach of warranty must be made within a reasonable time. See Section 9998 of the Code, 1927. While, under certain circumstances, the question of reasonable time for the rescission is for the court, yet, ordinarily, it is a question of fact, for the determination of the jury. See *National Bank of Decorah v. Robison*, 199 Iowa 1044; *Chariton Plumbing & Heating Co. v.*

*Lester,* 202 Iowa 475. Inducements by the seller for the buyer to retain the machine, with the assurance that he will make it comply with his representation or promise, are quite important in the determination of this question. See *Fulton Bank v. Mathers,* 161 Iowa 634. In this case we declared:

"There was some evidence that their complaints concerning the car were quite promptly made to the appellant, but that they were led to hold the car longer than they otherwise would by the attempts of the appellant to repair it and put it in condition to operate properly. The time thus taken by the request or by the inducement of the appellant to afford reasonable opportunity for the repair or regulation of the car would not be waiver, as a matter of law, of the right to rescind, and upon failure to remedy the defects, if any, against which the car had been warranted, appellees were entitled then to rescind. The alleged failure of the appellees to rescind was not so clearly shown as to call for a directed verdict against them."

Under the record, the jury could find that, when complaints were made by the plaintiff at various times, the defendant attempted to meet the complaints, and assured the plaintiff that it would make the water softeners work properly and comply with the warranty, and that said assurances were continued until the time of the rescission by the plaintiff; that it was these attempts and assurances which were the inducements, and constituted the reason for plaintiff's failure to act sooner; that, shortly before the rescission, Duffy, the general manager of the defendant corporation, who had made the sale in the first instance, informed the plaintiff that he would accept the return of the water softeners.

It is quite clear that, under the record, the question of reasonable time is one of fact, for the determination of the jury.

The appellant complains that the court did not submit the issues of waiver and estoppel claimed by him to have been made by his pleadings. The pleadings are not sufficient to constitute an estoppel, nor is there any evidence upon which to base an estoppel. In such cases, the question is not one of waiver, but of election. See *Mattauch v. Riddell Auto. Co.,* 138 Iowa 22, 25. If, within a reasonable time, the buyer fails to take steps

926

toward rescission, he will be deemed to have elected to retain the article and rely upon damages. The question of reasonable time was properly submitted to the jury. The appellant asked no amplification of the instructions. There is no error at this point.

The appellant complains of a claimed omission of the element of reasonable time in one of the instructions. Said instruction is followed by other instructions clearly covering this proposition. Instructions are to be read and considered as a connected whole. It is apparent that the jury could not have misunderstood the same or been misled thereby. There is no prejudicial error at this point.

The appellant complains that the court should have more fully instructed upon the question of "reasonable time." The instructions as given were correct. No amplification of the same  was asked by the appellant. Therefore, the appellant is in no position to complain.

We have considered all the complaints made by the appellant. It is apparent from the reading of the record that there is a striking conflict in the testimony in support of the claims of the respective parties, but the question of the credibility of the witnesses and the determination of the propositions of fact were for the jury. —*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.