Guirney Sergeant, Appellee, v. Fred Challis, Appellant.

No. 40790.

OCTOBER 20, 1931.

C. O. Boling, for appellee.

Donnelly, Lynch, Anderson & Lynch, for appellant.

WAGNER, J.—The plaintiff was injured about 7:00 or 7:15 o'clock P. M., January 27th, 1930, by reason of a collision of a Buick automobile, owned and driven by the defendant, and a Ford Sedan, owned and driven by one Kemmerer, in which latter car the plaintiff at the time in question was riding in the back seat. One Muirhead was also riding in the front seat of the Kemmerer car. Two men were riding with the defendant at the time in question. The collision occurred in front of the Achey residence, about three miles south of Tipton on a north and south graveled highway, the graveled portion thereof being thirty feet in width. For a considerable distance in the highway, in each direction from the point of collision, there were no hills or inclines to obscure the vision of the driver of each car from that of the other. Kemmerer testifies that he saw the Challis car when he was forty or fifty rods from the place of the collision. The evidence of the plaintiff's witnesses is to the effect that the light on the right side of the Challis car was burning at the time in question, but that the one on the left side thereof was extinguished, and that Kemmerer, the driver of the Ford car, could not tell which light was burning until a very short distance, two or three rods, from the place of collision. The lights on the Kemmerer car were burning. The defendant testified, in substance, that he saw the Kemmerer car when it was about 400 feet north of the place of collision; that there was nothing to obstruct his view; that it had glaring lights and they continued so until after the collision. The defendant contends that a short time prior to the collision, there was a failure of the lights on his car to work properly, and for that

reason he turned on the dimmers. He testified ''After my bright lights jiggled out or went out, I switched over to the dimmers and we were driving slow on account of my lights, because they only showed about 25 feet in front or ahead of the car. I had my dimmers on.'' On cross-examination he testified: ''I do not know whether both of my dimmers were working, I am not able to say about that. I know that one of them was working at least, * * * I do not know which one of my lights was burning.'' There is evidence on the part of the plaintiff that the defendant was driving at the time in question from forty to forty-five miles per hour, while the evidence of the defendant is that he was driving at a much lesser rate of speed. It had snowed shortly prior to the time of the accident. A planer had gone down the west side of this highway and scraped the snow from the west to the center of the highway, had turned around somewhere south of the place of the collision and was making the return trip but was a considerable distance south of the place of the collision at the time in question. Thus, it is shown that the highway in front of the Achey residence was cleared of snow on the west side. There was a ridge of snow in the center and approximately three or four inches of snow on the level on the east side of the traveled portion of the highway. The defendant testified: ''It is always slippery on snow and was there at the place, car could slip around pretty easy. I did not have my chains on.'' The testimony of the plaintiff's witnesses is to the effect that, before the collision, Kemmerer was traveling on the west side of the center of the traveled portion of the road, approximately a foot or so from the west ditch, while the testimony of the defendant's witnesses is, that he (the defendant) was traveling on the east side of the center of the traveled portion of the highway, a few feet from the east ditch. The weight of the defendant's car, with the load, was much heavier than that of the Kemmerer car. There was a front end collision on the left side of each. When the cars came to a standstill, the front end of the Kemmerer car was facing the north, or slightly northwest, and very close to the west ditch, while the defendant's car stood to the east thereof and facing slightly northwest. The testimony of plaintiff's witnesses is to the effect that, immediately after the collision, the front wheels of the defendant's car were to the west of the center of the traveled portion of the

road, while the testimony of defendant's witness is, that they were to the east of the center.

It is the contention of the plaintiff, that he and Kemmerer, the driver of the Ford car, were free from negligence and that the cause of the collision was negligence on the part of Challis.

■ The grounds of negligence on the part of the defendant alleged in the petition are as follows:

"(a) In failing to drive his said automobile at the time of the collision and while approaching the point of collision at a careful and prudent speed, but driving it at such times at an unreasonable and improper speed.

"(b) In driving his said automobile at the time of the collision and while approaching the point of collision without having the same under control and at a high and dangerous rate of speed.

"(c) In driving his said automobile to the left of the center of the road and also to the left of the center of the traveled way at the time of said collision and while approaching the point of collision.

"(d) In driving his said automobile at the time of the collision and while approaching the point of collision with only one light burning.

"(e) In operating his said automobile at and before the time of said collision without keeping a proper lookout.

"(f) In failing to operate and drive his said automobile at and while approaching the point of collision so as to avoid striking the automobile in which plaintiff was riding.

"(g) In driving his said automobile at and just before the time of said collision without reducing the speed to a reasonable and proper rate."

At the close of all the evidence, the defendant moved the court to withdraw from the consideration of the jury all of the charges of negligence alleged in the petition, except the one charge, that the defendant failed to turn to the right and to give to the other traveler one half of the traveled portion of the highway. This motion was overruled. This same proposition was presented to the court by requested instructions offered by the defendant and by exceptions to the instructions given by the court. In stating the issues to the jury, the court copied the

aforesaid allegations of negligence from the petition. In subsequent instructions he told the jury that, if they found from a preponderance of the evidence that any one or more of the charges of negligence as set forth in the statement of the issues had been established and that said negligence was the proximate cause of the collision and that plaintiff and Kemmerer were free from negligence which in any manner contributed to the collision and consequent injuries to the plaintiff, then their verdict should be for the plaintiff. In this manner, the court submitted to the jury all of the aforesaid allegations of negligence, including the failure to keep a lookout. There is no evidence on the part of the plaintiff of any failure by the defendant to keep a lookout, and the uncontradicted evidence of the defendant is to the effect that there was nothing to obstruct his view and that he saw the Kemmerer car when it was about 400 feet north of the place of the collision, and from that time and place until the time and place of the collision. It is error presumptively prejudicial to submit a material proposition of fact, upon which there is no evidence, to the jury, even though the rule of law as to such proposition be properly stated. See Borough v. Minneapolis & St. Louis Railway Co., 191 Iowa 1216; Graves v. Chicago, Rock Island & Pacific Railway Company, 207 Iowa 30; Ann. to Code of Iowa, page 1475, and numerous cases there cited.

There is evidence of lack of control, of speed greater than is reasonable and proper, having due regard to the conditions then existing, and of driving the automobile at the time of the collision and while approaching the point of collision with only one light burning, which is the substance of the remaining allegations of negligence, except that of failure of the defendant to turn to the right and give to the driver of the Kemmerer car one-half of the traveled portion of the highway, which latter the appellant concedes by his argument to have been proper to submit to the jury. It is the contention of the appellant that all of the remaining grounds of negligence, "excepting the one charge that the defendant failed to turn to the right and give to the other driver one-half of the traveled portion of the highway," should not have been submitted to the jury, it being his contention that it was improper for the court to allow the jury to find that any one or more of said remaining charges of negligence was the proximate cause of the collision and of plaintiff's result-

ant injury. In this contention, the appellant is in error. Ordinarily, the question of proximate cause is for the jury. Cresswell v. Wainwright, 154 Iowa 167. The rule as to whether negligence, claimed to be the proximate cause of a collision and resultant injury, is a question which should be submitted to the jury is the same as applies to the determination of any other question of fact involved in the case. In other words, if reasonable minds, having before them all of the facts upon the question, could reach but one conclusion, the question then becomes one of law for the court, but if, under the proven or admitted facts, different minds might reasonably reach different conclusions, the question is then one of fact for the determination of the jury. Dreier v. McDermott, 157 Iowa 726; Barnhart v. Chicago, Milwaukee & St. Paul Railway Company, 97 Iowa 654; Smith v. City of Hamburg, 212 Iowa 1022.

Section 5020, Code, 1927, provides that persons in vehicles, including motor vehicles, meeting each other on the public highway, shall give one-half of the traveled way thereof by turning to the right. This provision of our statutory law does not mean that each driver shall at all times be on the right side of the road. In so far as this statutory provision is concerned, each is entitled to the use of the entire highway, except when they are about to meet, which implies a coming together in such manner that there would be a collision or an apparent danger of one if each should pursue his course without change of direction. Riepe v. Elting, 89 Iowa 82. Appellee's right to recover is not limited to any particular location or spot in the highway, but is based upon his being in the highway where he has equal rights with all others, so long as he complies with the law. The court in the instant case, properly instructed the jury with reference to the "law of the road," quoting the aforesaid statute, and then telling the jury that any failure on the part of each driver would be presumptive evidence of negligence on the part of the one so failing, but that said presumption is not conclusive, and that the same might be rebutted and overcome by other facts and circumstances shown in evidence. This is in conformity with our previous pronouncements. If the jury should find that the defendant at the time in question was traveling east of the center of the traveled portion of the highway, as claimed by him, and the cars collided as they did, then a failure of Kemmerer, the

driver of the car in which plaintiff was riding, to turn to the right and give one-half of the traveled portion of the road, would be prima facie evidence of negligence upon his part. The court told the jury that there could be no recovery by the plaintiff, unless both he and Kemmerer were free from negligence contributing to the collision. The jury, by its verdict, found that both the plaintiff and Kemmerer were free from negligence. Having so found, then, although the defendant may have been traveling on the east side of the center of the traveled portion of the highway, they could well find, and it was proper for the court to permit them to find, that one or more of the remaining charges of negligence was the proximate cause of the collision and resultant injury. Without further comment, the defendant's contention, that his failure, if any, to turn to the right and give the Kemmerer car one half of the traveled portion of the highway was the sole proximate cause of the collision and the only one which should have been submitted to the jury, is untenable and the court was not in error in submitting to the jury for their determination the remaining charges of negligence, upon all of which there was evidence.

█ The appellant requested the court to give the following instruction:

"You are instructed that if you find from the evidence that the two automobiles came into collision at a point east of the center of the traveled highway the plaintiff is not entitled to recover, and in that event your verdict will be for the defendant."

This instruction was given. It is erroneous but it constitutes error, not as against the appellant, but as against the appellee. The appellant now contends that the giving of said instruction makes the instructions given by the court contradictory. It is sufficient to say that no such exception was taken by the appellant to the instructions given. Since the objection now urged was not taken by proper exception to the instructions and was not presented to the trial court for determination, and since the instruction was given at the request of the appellant and constituted error only as against the appellee, the appellant is not now in position to take advantage of the claimed error now

64

urged. On the same or similar record, the instruction should not be given on a retrial of the case.

■ The court in one of the instructions quoted the provisions of Section 5044, Code, 1927, to wit:

"All motor vehicles in use on the public highways excepting motorcycles, motor bicycles, and such motor vehicles as are properly equipped with one light in the forward center of such motor vehicle, shall, during the period of from one-half hour after sunset to one-half hour before sunrise, display two or more white or tinted lights, other than red, on the forward part of said vehicle, so placed as to be seen from the front, and of sufficient illuminating power to be visible at a distance of five hundred feet in the direction in which displayed, and to reveal any persons, vehicle or substantial object seventy-five feet ahead of the lamps."

And then stated that it was the duty of each driver to observe the rules and regulations provided for in said statute. The evidence of the defendant is to the effect that the lights on his car became out of order during the trip which he was then making and for said reason he turned on the dimmers. The appellant complains because the court did not instruct the jury relative to the provisions of Section 5048, Code, 1927, which section provides, that the operator of any motor vehicle may proceed toward his destination in a cautious and careful manner in the event of a failure of one or more of his lights to operate. In view of appellant's testimony, the court should have given an instruction upon this proposition in accordance with the provisions of the latter section.

■ The court in one of the instructions quoted the provisions of our statutory law now found in Section 5029, Code, 1931, which is as follows, to wit:

"Any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

And therein told the jury that it was the duty of each driver to observe these rules and regulations, and that a failure to do so would be presumptive evidence of negligence on the part of the one so failing; that this presumption however is not conclusive, but may be rebutted and overcome by other facts and circumstances shown in evidence. The appellant's complaint is directed to the latter part of that portion of the statute above quoted, following the last comma therein. He relies upon Looney v. Parker, 210 Iowa, 85. Our holding in the Looney case is not in point. In the instant case, the court quoted that portion of the statute against which the complaint is directed, saying that it was the duty of each driver to observe the same or comply therewith. It is the duty of all persons using the highway to comply with this provision of the statutory law; but if it appears from all of the evidence to the satisfaction of the jury, that they could not reasonably do so, or that they have exercised ordinary care, that is, such care as an ordinarily careful and prudent person in the same circumstances would have exercised in this respect, then they are absolved from the statutory duty and the presumption or prima facie case of negligence arising from noncompliance with the statute has been overcome. This is the import of the instruction given by the trial court. In addition to the foregoing instruction, the court gave full and complete definitions of negligence and ordinary care, and made the same applicable to the drivers of both cars.

The appellant argues that the aforesaid instruction left the matter for the jury to determine, without guide or direction from the court, whether appellant was negligent in the matter of speed. The instruction correctly quoted the statute and is in all other respects abstractly correct. The appellant made no request for amplification of the instruction and appellant can not now successfully assert that a correct instruction lacks amplification when he failed in the trial court to request such amplification. See Brennan & Cohen v. Nolan Laundry Co., 209 Iowa 922; Hornish v. Overton, 206 Iowa 780; Ingebretsen v. Minneapolis & St. Louis R. Co., 176 Iowa 74; Ann. to Code of Iowa, pages 1436 and 1437, and numerous cases there cited. These numerous cases all announce that a correct instruction, but not as explicit as counsel would like to have it, is sufficient

in the absence of a request for amplification. It is thus apparent that the appellant is in no position to now attack the instruction.

█ Relative to the measure of plaintiff's recovery, the court told the jury:

"If your finding is for the plaintiff, then you are instructed that you are to allow the plaintiff damages for such loss and injuries, and for such loss and injuries only, as you find from the evidence necessarily resulted from the collision complained of. In no event, however, will you allow the plaintiff a sum in excess of $6,656.00."

This instruction cannot be upheld. The plaintiff in his petition alleged a specific amount of damage for loss of time, a specific amount for nursing and caring for him and a specific amount for permanent impairment or injury, and asked judgment for all of the same in the sum of $6,656.00. The court, in the aforesaid instruction, does not tell the jury what elements may be considered by them in fixing the amount of plaintiff's recovery, nor fix the limit of recovery for the different elements mentioned in the petition to that alleged in the petition, nor as shown by the evidence relative thereto. Nor is there any standard given for the measure of plaintiff's recovery in the event that the jury should find that the plaintiff's injuries are permanent, and that he will suffer damage in the future. The instruction gives no rule to the jury upon this all important question, but left them to wander into the domain of speculation and conjecture. Appellant's complaint as to this instruction must be upheld.

Other grounds of error are not argued by the appellant in his argument in chief, and under Rule 30 of this court, all such grounds are deemed waived.

Because of the errors hereinbefore referred to, the judgment of the trial court is hereby reversed and the cause remanded for a new trial.—Reversed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.