W. C. MUIRHEAD, Appellee, v. FRED T. CHALLIS, Appellant.

No. 41093.

FEBRUARY 9, 1932.

C. O. Boling and J. C. France, for appellee.

Donnelly, Lynch, Anderson & Lynch, for appellant.

WAGNER, C. J.—The plaintiff was injured about 7 or 7:15

o'clock P. M., January 27, 1930, on a country road, by reason of a collision of a Buick automobile owned and driven by the defendant, and a Ford sedan owned and driven by one Kemmerer, in which latter car the plaintiff, at the time in question, was riding, to the right of the driver. The collision of the automobiles is the same one referred to in Sergeant. v. Challis, 213 Iowa 57. The evidence in the instant case is not materially different from that in the Sergeant case, to which reference is hereby made for the material facts relative to the collision.

 . The plaintiff in his petition and amendment thereto alleges the following grounds of negligence upon the part of defendant: (1) "In driving his said automobile to the left of the center of the road and also to the left of the center of the traveled way at the time of said collision and while approaching the point of collision." (2) "In driving his automobile upon the wrong or left side of the public highway, thereby colliding with the automobile of W. L. Kemmerer, with whom the plaintiff was riding." (3) "That the defendant drove his automobile at a dangerous and excessive rate of speed and without regard to the safety of the plaintiff." (4) "That the defendant failed to have his automobile under control and failed to bring it to a stop or turn it aside so as to avoid striking the automobile of W. L. Kemmerer in which the plaintiff was riding at the time of the collision and just prior thereto." (5) "That the defendant was driving his car at a high, dangerous and excessive rate of speed at the time of the collision and while approaching the point of collision without having the same under such control that he could stop the same within the assured clear distance ahead." (6) "That the defendant was driving his said automobile at the time of the collision and immediately prior thereto with only one dimmer light, thereby rendering it impossible for the driver of the car in which plaintiff was riding to determine the exact location of the defendant's car so as to enable him to avoid the same."

At the close of the evidence, the appellant moved to withdraw from the consideration of the jury the first two grounds of negligence hereinbefore mentioned, for the alleged reason that they "do not tender any issue of fact; do not plead a specific ground of negligence, being merely the conclusion and opinion of the pleader; too general and indefinite to form a basis of a

right of recovery." The appellant contends that the court erred in overruling said motion. There was no motion or pleading by the appellant attacking in any manner the sufficiency of the aforesaid allegations of the petition. As a basis for his contention the defendant relies upon Cooley v. Killingsworth, 209 Iowa 646. We there held it to be error for the court to submit to the jury as a ground of negligence the general allegation "that the driver operated and drove the automobile without regard for the rights and safety of the lives and property of others rightfully upon and using said highway," and that, while said allegation follows, in a general way, the language of Section 5028, Code, 1927, it is too general and indefinite to be the basis for the right of recovery when attacked by motion. But our holding in said case is not authority for the contention of the appellant in the instant case. See Ege v. Born, 212 Iowa 1138, and Lange v. Bedell, 203 Iowa 1194. In the latter case, among other grounds of negligence, the plaintiff alleged that the defendant was driving upon the wrong side of the road. We there said:

"The petition did not in specific terms allege that the driver of the automobile failed to turn his car to the right upon approaching appellee, so as to yield her one half of the traveled portion of the highway. No substantial distinction, either as a matter of law or fact, can be drawn between the negligence of a driver of a motor vehicle who usurps the wrong side of the road, * * * and negligence in failing to turn the car to the right, in obedience to the statutory requirement."

It is apparent that the contention of the appellant raised by his motion to withdraw said averments of negligence from the consideration of the jury is without merit.

The appellant, at the close of the evidence, moved to withdraw the remaining allegations of negligence hereinbefore mentioned from the consideration of the jury, and the motion was overruled. This same proposition was presented to the court by requested instructions offered by the defendant and by exceptions to the instructions given by the court. We said in the companion case, Sergeant v. Challis, 213 Iowa 57:

"There is evidence of lack of control, of speed greater than

is reasonable and proper, having due regard to the conditions then existing, and of driving the automobile at the time of the collision and while approaching the point of collision with only one light burning, which is the substance of the remaining allegations of negligence * * *.''

The same is likewise true in the instant case. The appellant contends that said grounds of negligence should not have been submitted to the jury, it being his contention that it was improper for the court to allow the jury to find that any one or more of said remaining charges of negligence was the proximate cause of the collision and of plaintiff's resultant injury. This proposition relied upon by the appellant is fully considered in Sergeant v. Challis, 213 Iowa 57, to which reference is now made, and therein determined adversely to appellant's contention; and repetition of what we there said is unnecessary.

The appellant complains because of the manner in which some of the aforesaid alleged grounds of negligence were submitted to the jury. There is merit in appellant's complaint. The proposition relied upon by the appellant at this point was preserved by proper exceptions to the court's instructions. The court, in instruction Number One, submitted all of the aforesaid grounds of negligence, and in a subsequent instruction, Number Thirteen, told the jury, in substance, that, if they should find from a preponderance of the evidence that the collision of the automobiles was proximately caused by the negligence of the defendant in any one of the particulars alleged in plaintiff's petition as amended (those hereinbefore set out), and that plaintiff was not guilty of any negligence contributing to the collision, then the plaintiff would be entitled to recover. While said Instruction Number Thirteen is abstractly correct, it is the appellant's contention, properly raised by exceptions against the instructions as a whole, that the jury were permitted, under the instructions given by the court, to find the defendant negligent with reference to some of the specifications alleged, without direction or instruction as to the duty of the defendant relative thereto, and were left to speculate concerning the same. There is merit in this contention of the appellant's. Negligence necessarily presupposes a duty which one owes to the public generally or to the individual complaining. It is the violation of

that duty which constitutes negligence. See Peterson v. Chicago, Milwaukee & St. Paul Railway Company, 185 Iowa 378. In the cited case, we said:

"When the facts upon which negligence is predicated are proven, and these may or may not establish negligence, then it becomes the duty of the court to instruct the jury fully as to what the law is, applicable to the facts proven, so that the jury, in considering the facts, may know whether, under the law, negligence can be predicated upon the facts proven."

The court, in Instruction Number One, submitted the sixth ground of negligence hereinbefore quoted: that is, that the defendant was driving his said automobile at, and immediately prior to, the time of the collision with only one dimmer light, etc. Section 5044, Code, 1927, gives the statutory requirement relative to the maintaining of headlights on motor vehicles while in use upon the public highway. Nowhere in the instructions does the court tell the jury of the statutory requirement or duty resting upon the defendant in this respect, and the jury were permitted to find the defendant guilty of negligence in this respect without being told of the statutory requirements relative to lights. Moreover, the defendant resides at Tipton. At the time of the collision, the defendant was traveling in a northerly direction, between Rochester and Tipton, going to his home. There is no town or repair station between the aforesaid two towns. The appellant testified, as a witness, that his bright lights "jiggled out north of Rochester," and that he then turned on his dimmers; that the dimmers furnished the same candle power, or just as bright a light, as the regular light, only it shoots the light a little closer in front of the car, and not at a distance. It is provided by Section 5048, Code, 1927, that the operator of any motor vehicle may proceed toward his destination in a cautious and careful manner, in the event of a failure of one or more of his lights to operate. The appellant made request for an instruction in accordance with the provisions of Section 5048, Code, 1927, and the request was refused, and the appellant took proper exception to the action of the court. In view of the aforesaid testimony of the appellant, an instruction in accordance with the provisions of Section 5048, Code, 1927, as

requested by the appellant, should have been given. See Sergeant v. Challis, 213 Iowa 57. In the cited case, we said:

"In view of appellant's testimony, the court should have given an instruction upon this proposition in accordance with the provisions of the latter section." (Section 5048, Code, 1927).

Again, as hereinbefore stated, the court submitted to the jury, in Instruction Number One, the first two grounds of negligence hereinbefore quoted. In no instruction did the court specifically define to the jury what acts would constitute negligence under said allegations. While it is true that the court, in a subsequent instruction, told the jury of the "law of the road" as contained in Section 5020, Code, 1927, and that it is the duty of each driver of an automobile to observe these regulations, and that a failure to so do would be presumptive evidence of negligence on the part of the driver so failing, and that said presumption is not conclusive, but may be overcome or rebutted by other facts and circumstances shown in evidence and tending to show that such driver was nevertheless not in fact negligent, yet the court did not tell the jury that such instruction concerning the "law of the road" related to the first two charges of negligence submitted in Instruction Number One. Because of this manner of submission, the jury were permitted to speculate and conjecture as to what applicability they should give the "law of the road" as set out in said instruction in determining the charges of negligence submitted in Instruction Number One. This is especially true as to the second charge of negligence hereinbefore quoted. The complaint of the appellant in this respect is meritorious.

The appellant complains because the court, in the instructions, told the jury that the plaintiff, Muirhead, was not responsible for the negligence, if any, on the part of Kemmerer, the driver of the car in which he (Muirhead) was riding; but that if, under the instructions, they believed that the injuries received by the plaintiff, if any, were caused wholly or partially, in any manner, by or through his own negligence, then he could not recover. The instruction given has been approved by this court. See Waring v. Dubuque Electric Company, 192 Iowa

1240, and cases therein cited. There is no merit in appellant's complaint at this point.

The appellant requested the court to instruct the jury that it was the duty of the plaintiff, while riding in the front seat in the Kemmerer car, to keep a lookout and to exercise the reasonable use of his faculties and to warn the driver of the car in which he was riding of any situation that might be dangerous, and that, if he failed to do so, he would be negligent. The requested instruction was properly refused by the court. The requested instruction asked the court to tell the jury that, if the plaintiff failed to warn the driver of the car in which he was riding of any situation that might be dangerous, then he would be negligent. Each case must rest upon its own facts. The plaintiff was required to exercise ordinary care, as instructed by the court. The standard or degree of care by which the plaintiff's failure, if there was such failure, to warn the driver of danger is to be governed, is that of an ordinarily careful and prudent person in the same circumstances. See Bradley v. Interurban Railway Company, 191 Iowa, 1351; Codner v. Stowe, 201 Iowa 800. The appellant was not entitled to the instruction as requested.

The appellant made request for an instruction to the effect that persons in motor vehicles meeting each other on the public highway shall give one half of the traveled way thereof by turning to the right, *and that the defendant had a right to assume that the driver of the automobile in which plaintiff was riding would do so.* (Writer's italics). Each driver had the right to assume that the other driver would comply with the "law of the road" until he knew, or until in the exercise of ordinary care he should have known, otherwise; and under the record, this thought should have been given in the instructions.

After the injury to Muirhead, as the result of the collision between the automobiles, he was taken into the Achey home, to the east of the highway. Kemmerer, the driver of the car, testified: "After Muirhead was taken into the Achey house, I saw the defendant about 30 feet south of his car, coming up the road." Over proper objections, he was then permitted by the court to give in testimony a somewhat heated argument or discussion between him and the defendant, which oc-

curred fifteen or twenty minutes after the time of the collision. The examination of Kemmerer, as a witness, is as follows:

"Q. You may tell the jury what, if anything, Mr. Challis said to you at that time. A. Why, I asked him what was wrong with him, he didn't drive on his side of the road. He said he was. I had a lantern. Q. Tell the jury what you said to Mr. Challis and what Mr. Challis said to you with reference to looking at these tracks. A. Well, I said, or asked him, why he drove on my side of the road, and he said he wasn't, and I said, 'Come here and I will show you these tracks and show you who was in the wrong.' He said, 'Go to hell, you son-of-a——,' is just what he said."

Appellant's motion to exclude this testimony was also overruled.

Sergeant, who was a passenger in the back seat of the Kemmerer car at the time of the collision, was also allowed, over proper objection, to give in testimony the conversation between Kemmerer and the defendant. His examination as a witness is as follows:

"Q. What, if anything, did Mr. Kemmerer say to Mr. Challis? A. 'What are you doing over here on my side of the road?' Q. What did Mr. Challis say, if anything, in reply to this? A. 'You son-of-a—— I am going to lick you. You caused this wreck.' Q. Well, was anything further said by Mr. Kemmerer at that time, and if so, what? A. He said, 'I got a lantern here, and we will go back and look at the tracks, and that proves who was in the right and wrong.' Q. What did Mr. Challis say in reply to what Mr. Kemmerer said, if anything, about looking at the tracks? A. He said he would not go."

Appellant's motion to exclude this testimony was also overruled. It will be noted that, in the testimony given by the witnesses, the defendant emphatically denies that he was on the wrong side of the road. Therefore, the testimony as to what the defendant said in the conversation was not admissible as an admission by the defendant. The appellee contends that the defendant's conduct in his refusal to make the inspection of the tracks by the aid of Kemmerer's lantern is admissible, under

the principle that statements made in the presence of another, to which the latter does not reply, are admissible against him as silent admissions, when the statements are made under circumstances naturally calling for a reply, if their truth is not intended to be admitted. This principle is stated in 1 R. C. L. 478-479. But this principle has no application in the instant case, for the manifest reason that the defendant did not remain silent when there was duty resting upon him to speak. On the contrary, he emphatically denied the declaration or accusation that he was on the wrong side of the road. The appellee relies on Donker v. Powers, (Mich.) 202 N. W. 989. A careful reading of the cited case will disclose that the court therein held that the testimony elicited was improper, but there was a refusal of the court to reverse, because the claimed implied admission by the defendant was only cumulative in character. The defendant in the instant case was under no duty or obligation to accompany Kemmerer and make an inspection of the tracks by the aid of a lantern, and he did reply to the request to make the inspection, and did not remain silent.

The appellee also contends that the conversation between Kemmerer and the defendant, as related by the witness Sergeant, was admissible as a part of the *res gestae*. It is true that declarations, to be admissible in evidence as a part of the *res gestae*, need not be precisely concurrent in point of time with the principal transaction. See Smith v. Dawley, 92 Iowa 312; Pride v. Inter-State Business Men's Accident Association, 207 Iowa 167; Keyes v. City of Cedar Falls, 107 Iowa 509. We have held that the true test as to whether or not a declaration is admissible as a part of the *res gestae* is:

"Were the declarations so closely connected with the transaction in question as to be, in effect, a part of it? Were they the natural and spontaneous utterances of the declarant, and so made as to indicate no opportunity for premeditation or design?" See Clark v. Van Vleck, 135 Iowa 194.

Keyes v. City of Cedar Falls, 107 Iowa 509; Lynch v. Egypt Coal Company, 190 Iowa 1272. As hereinbefore stated, what the defendant said in the heated argument was not admissible as an admission by the defendant. It is apparent that what Kemmerer said in the discussion is not a spontaneous ut-

terance, but is the result of premeditation or reasoning from the location of the tracks. Therefore, under the second portion of the test hereinbefore quoted from Clark v. Van Vleck, 135 Iowa 194, it was improper to receive in evidence the declarations of Kemmerer. It is apparent from the foregoing that what the defendant said in the conversation is not admissible as an admission by the defendant, and it is also apparent that what Kemmerer said is not admissible as a part of the *res gestae*. Another question is, Was the testimony prejudicial to the defendant? Because of the caustic and improper appellation alleged to have been applied by the defendant to Kemmerer, and other rough language alleged to have been used by the defendant at the time in question, we are disposed to hold that it was prejudicial to the defendant. The testimony should be excluded upon a retrial of the case.

Other matters urged in argument by the appellant are either without merit or not likely to arise on a new trial.

Because of the errors hereinbefore pointed out, the judgment of the trial court is hereby reversed and the cause remanded for a new trial.—Reversed.

Evans, Morling, Kindig, and Grimm, JJ., concur.