JOHN SIESSEGER, Appellee, v. J. C. PUTH, Appellant.

No. 41680.

May 9, 1933.

Rehearing Denied October 25, 1933.

H. B. White and Breese & Cornwell, for appellant.

Senneff, Bliss, Witwer & Senneff and Smith & Feeney, for appellee.

Kintzinger, J.—On August 5, 1928, the plaintiff, seven years of age, was riding as a guest, in an automobile owned and operated by his uncle, J. C. Puth, the defendant. Defendant and his wife were on the front seat with plaintiff sitting on Mrs. Puth's lap. Plaintiff's mother and sister and Helen Hissop were in the rear seat. They were driving to Decorah to visit relatives, and at the time of the accident were traveling on highway No. 9 about 3 miles east of Osage. Highway No. 9 was as good as any gravel road in the state and was dragged daily. The road was in good condition, with no ruts in it, except such small depressions as are generally found in gravel roads. It was about 30 to 32 feet wide, with a down grade for about a quarter or half mile from the place where the car went into the ditch. Defendant said he was going about 55 miles an hour.

The defendant was 46 years of age and owned the car he was driving about two and a half months and had driven only about 2,400 miles.

As the car was traveling along the highway, it was weaving from one side of the road to the other and went faster and faster about ½ mile before it went into the ditch.

Plaintiff said that his "Uncle Joe went to step on the brake but by mistake stepped on the starter and went into the ditch." Defendant said that after they were going down the hill he lost control and went to put his foot on the brake and instead put his foot on the gas and hit a little depression and he put the gas on a little harder.

Defendant admitted he was probably driving too fast; that the car started to weave and he stepped on the gas instead of the brake. Then the speed increased and he went into the ditch. Defendant told one of the witnesses the road looked good and he opened her up. It left the road on the wrong side. Another witness said "the car seemed to go faster and went from one side of the road to the other."

I. Defendant contends that instruction No. 2 told the jury that defendant's answer admitted that his "automobile upset on the public highway as alleged by plaintiff"; and claims that this was not a correct statement of defendant's admission; that by the words "that said automobile upset on the public highway as alleged by plaintiff" the court charged the jury that the defendant admitted the allegations of recklessness.

Plaintiff claims that, when this instruction is read in the light of the other instructions, the jury could not have been misled; and that this part of instruction No. 2 simply referred to the manner in which and the place where the automobile upset, and did not relate to the *cause* of the accident.

It is the settled law of this state that instructions must be construed in light of all the instructions given. The entire instruction No. 2 must also be analyzed in construing the same.

All instructions must be read together, and when so read if the issues are fairly stated, there is no prejudicial error. Blakesburg Savings Bank v. Blake, 207 Iowa 843, 223 N. W. 895; Cox v. Fleisher Const. Co., 208 Iowa 458, 223 N. W. 521; Friesner Fruit Co. v. C. G. W. R. Co., 199 Iowa 1143, 201 N. W. 112; Code, section 11228 and section 11548.

Defendant's answer admitted "that the said automobile upset on the public highway about three miles east of Osage, and as a result thereof, the plaintiff received injuries, his face being cut down his left cheek and on his lower lip and neck." The petition does allege that "the automobile, through the negligence and recklessness of the defendant, was upset and this plaintiff received severe

and permanent injuries." If the statement of such admission was all there was in the instruction, and if there were no other instructions, advising the jury that the defendant denied that the injuries were caused by the recklessness of the defendant, there might be some ground for the complaint made to instruction No. 2.

Instruction No. 1 sets out the issues, and therein the court stated that plaintiff claims that, while riding as a guest in defendant's car about 3 miles east of Osage, the automobile, through defendant's recklessness, was upset and plaintiff was severely injured.

In instruction No. 2 the court says:

"The defendant, for answer to plaintiff's claim and petition, states that he admits that plaintiff is a minor and rode with the defendant by defendant's invitation, and not for hire, in defendant's automobile at the time in question, *and that said automobile upset on the public highway* as alleged by plaintiff, and that as a result thereof the plaintiff received injuries to his left cheek, lower lip and neck. (Italics ours.)

"Defendant denies that said injuries were caused by, or were the proximate result of negligence or recklessness on the part of the defendant in driving said automobile or otherwise, and denies that said automobile at the time and place in question was driven at an excessive rate of speed. The defendant further denies that he did not have the car under control and denies that he acted recklessly and negligently in the premises, but states that the accident in question was caused without fault or negligence on his part. Defendant denies each and every other allegation contained in plaintiff's petition and asks that the petition be dismissed."

The answer admits "that the automobile upset on the public highway about three miles east of Osage."

The statements complained of in instruction No. 2 were immediately followed with the statement, *in the same instruction,* that "the defendant denies that said injuries were caused by, or were the proximate result of negligence or recklessness on the part of the defendant" and was given in the same breath with the statement that the defendant admitted the "automobile upset on the public highway as alleged." The entire instruction clearly indicates that the court did not intend to charge the jury that the defendant admitted any charge of negligence. The jury could not have been misled thereby. We believe the objection to this instruction is hyper-

critical and the instruction was without prejudice to the defendant.

In instruction No. 3 the court expressly told the jury:

"Before the plaintiff can recover in this action, he must prove, by a preponderance of the evidence, that at the time of the accident, (1) the defendant was driving or operating said car in a reckless manner as charged by plaintiff and as set out in paragraph one hereof; (2) that such recklessness, if proven, solely, directly and proximately caused the accident and claimed injuries to plaintiff, (3) that plaintiff sustained damages thereby and (4) the amount of damages so sustained."

With these instructions following each other so closely, we do not believe the jury could have been misled, or could have misunderstood that it was *their duty to find from a fair preponderance of the evidence that injury and damage to the plaintiff were caused by recklessness of the defendant* in driving his car before they could find for plaintiff. We see no error in the instruction.

II. It is also claimed that the court erred in giving that part of instruction No. 3, which charged the jury that in order to recover the plaintiff must prove that the defendant was operating the car in a reckless manner, "*as charged by the plaintiff and set out in paragraph one hereof.*" (Italics ours.) The objection to this instruction is that defendant claims it tells the jury that if they find any of the specifications of recklessness, as set out in plaintiff's petition, to be true then the defendant was guilty of reckless operation of his automobile.

It is the settled law of this state that the only grounds of recklessness chargeable to a defendant are those set out in the petition; and the jury is limited in their findings on the question of recklessness to the grounds therein set out. Instruction No. 3 does not tell the jury (1) that it was reckless to drive the car at an excessive rate of speed, or (2) that it was reckless of the defendant while driving his automobile not to have the same under control while going down grade, or (3) that it was reckless for the defendant when the automobile started to swerve on the grade, for the defendant to put his foot on the accelerator instead of on the brake. As to whether or not any of these matters constitute "recklessness" are inferences to be drawn from the evidence relating thereto. These were simply allegations of recklessness alleged in plaintiff's petition, and the court expressly charged the jury in instruction No. 3

that the plaintiff must prove, by a preponderance of the evidence, that at the time of the accident the defendant was guilty of recklessness in driving his car in the manner charged in the petition. Whether or not these acts or any of them under the circumstances, under which the car was driven, did or did not constitute recklessness was necessarily a question for the jury and they were so instructed.

In instruction No. 4 in defining the term "reckless" the court says:

"By 'reckless' as used in the statute and in these instructions, is meant more than negligence. It means proceeding without heed of or concern for consequences. It implies no care, coupled with disregard for consequences."

In instruction No. 10 the court charged the jury:

"If you find, from a preponderance of the evidence and under these instructions, that, at the time and place of the accident in question, defendant was operating his automobile in the reckless manner charged by plaintiff, *as herein defined,* and that such recklessness on defendant's part in so operating his automobile directly and proximately caused injury and damage to plaintiff, then your verdict should be for the plaintiff. * * * If, under the evidence and these instructions, you fail to so find, then your verdict should be for the defendant."

*This instruction explicitly charges the jury that it was necessary for the plaintiff to show that the defendant was operating his car "in the reckless manner charged by the plaintiff as herein defined,* and that such recklessness * * * * directly and proximately caused the injury and damage." This instruction when considered with instructions Nos. 1, 3, and 4 clearly shows that the court fully charged the jury that it was necessary to find the defendant guilty of recklessness as that term is defined in instruction No. 4, in order to warrant a verdict in favor of the plaintiff.

These instructions clearly indicate that the court charged the jury that it was incumbent upon the plaintiff to show by a preponderance of the evidence that the defendant was guilty of recklessness as charged in the petition. They were instructed as to the meaning of the term reckless, and were charged that, if in the light of these instructions they found from the evidence that the defendant was guilty of recklessness, it was their duty to find for the

plaintiff, and, if they failed to so find, it was their duty to find for the defendant.

█ While the instructions may have been amplified to a greater extent, they fairly presented these issues to the jury. If the defendant desired other and additional instructions, they should have been requested. Brennan v. Nolan, 209 Iowa 922, 229 N. W. 321; Hornish v. Overton, 206 Iowa 780, 221 N. W. 483; Ingebretsen v. M. & St. L. R. R. Co., 176 Iowa 74, 155 N. W. 327; Sergeant v. Challis, 213 Iowa 57, 238 N. W. 442.

In Sergeant v. Challis, 213 Iowa 57, loc. cit. 65, 238 N. W. 442, 446, we said:

"The appellant argues that the aforesaid instruction left the matter for the jury to determine, without guide or direction from the court, whether appellant was negligent in the matter of speed. The instruction correctly quoted the statute, and is in all other respects abstractly correct. The appellant made no request for amplification of the instruction, and appellant cannot now successfully assert that a correct instruction lacks amplification when he failed in the trial court to request such amplification. See Brennan v. Nolan Laundry Co., 209 Iowa 922, 229 N. W. 321; Hornish v. Overton, 206 Iowa 780, 221 N. W. 483; Ingebretsen v. M. & S. L. R. Co., 176 Iowa 74, 155 N. W. 327; Annotations to Code of Iowa, pp. 1436 and 1437, and numerous cases there cited. These numerous cases all announce that a correct instruction, but not as explicit as counsel would like to have it, is sufficient in the absence of a request for amplification. It is thus apparent that the appellant is in no position to now attack the instruction."

The record fails to show that any such request was made in this case and we find no prejudicial error therefor.

█ III. Appellant also complains of the court's action in failing to sustain a motion for a directed verdict because the evidence was insufficient to show any recklessness of defendant.

Defendant claims that as the evidence was undisputed, it was the court's duty to determine whether or not any recklessness of the defendant was established. In supporting this contention they cite Siesseger v. Puth, 213 Iowa 164, 239 N. W. 46, this court's opinion on a former appeal of this case. A similar motion for directed verdict was undoubtedly made then, but this court did not then

hold that a verdict should have been directed. The facts were substantially the same.

It is true that this and other courts have held that where the facts are undisputed it is the duty of the court to determine whether or not the charge of negligence has been made out. An examination of the cases supporting this rule, however, show that the facts therein were such that all minds could reasonably come to only one conclusion.

Where the undisputed evidence shows recklessness, the courts have rarely directed verdict for plaintiff, but have uniformly submitted that question to the jury. The true rule seems to be, that where the evidence is not in dispute, if from such evidence all minds could not reasonably agree on whether recklessness has been established or not, then that question should be submitted to the jury. In most of the cases relied on by defendant as supporting the rule contended for, it was found by the court, as a matter of law, that there was not sufficient evidence offered to make out a prima facie case. Under such condition it would naturally be the court's duty to direct a verdict. But if under the proven or admitted facts different minds might reasonably reach different conclusions, the question then is one of fact for the determination of the jury. Liberty Bell Gold Mining Co. v. Smuggler Union Co. (C. C. A.) 203 F. 795; Grand Trunk R. Co. v. Ives, 144 U. S. 408, 12 S. Ct. 679, 36 L. Ed. 485; Sergeant v. Challis, 213 Iowa 57, 238 N. W. 442; Dreier v. McDermott, 157 Iowa 726, 141 N. W. 315, 50 L. R. A. (N. S.) 566; Barnhart v. C., M. & St. P. R. R. Co., 97 Iowa 654, 66 N. W. 902; Smith v. City of Hamburg, 212 Iowa 1022, 237 N. W. 330.

In Sergeant v. Challis, 213 Iowa 57, loc. cit. 62, 238 N. W. 442, 444, we said:

"The rule as to whether negligence claimed to be the proximate cause of a collision and resultant injury, is a question which should be submitted to the jury is the same as applies to the determination of any other question of fact involved in the case. In other words, if reasonable minds, having before them all of the facts upon the question, could reach but one conclusion, the question then becomes one of law for the court, but if, under the proven or admitted facts, different minds might reasonably reach different conclusions, the question is then one of fact for the determination of the jury."

The question of whether or not the issue of recklessness in

this case should or should not have been submitted to the jury depends upon the evidence introduced on that subject.

A great many variations in the definition of recklessness were set out in the exhaustive opinion rendered at the former hearing of this case in Siesseger v. Puth, 213 Iowa 164, 239 N. W. 46, 49, and we only refer to that case therefore. In that case we said:

"It will be noted that these authorities each give two definitions of the word. An examination of the authorities discloses there are two conflicting definitions of the word 'reckless.' Some courts hold that 'reckless' means no more than negligent; others hold that it means 'wantonness or bordering on willful.' "

Many definitions from as many jurisdictions are reviewed in that case.

From all of the definitions adopted in a great number of states, we adopted a definition between the two extremes. In that case we said:

"In light of the circumstances under which said chapter 119 was passed [Code 1931, section 5026-b1], it is apparent, we think, that the legislature intended the word 'reckless' therein to mean 'proceeding without heed of or concern for consequences.' To be 'reckless,' one must be more than 'negligent.' Recklessness may include 'willfulness' or 'wantonness,' but if the conduct is more than negligent, it may be 'reckless' without being 'willful' or 'wanton,' but to be reckless in contemplation of the statute under consideration, one must be more than negligent. Recklessness implies 'no care, coupled with disregard for consequences.' "

Instruction No. 4 reads as follows:

"By 'reckless' as used in the statute and in these instructions, is meant more than negligence. It means proceeding without heed of or concern for consequences. It implies no care, coupled with disregard for consequences."

It will be noted that the lower court in framing this instruction included the various elements which we held necessary to constitute "recklessness" in the former opinion of this case. A comparison of instruction No. 4 with our definition of recklessness, as in that opinion defined, will show that all of the elements making up recklessness are included in the court's instruction.

█ As shown by the statement of facts hereinbefore set out, it appears that the defendant was driving his automobile on a perfectly good broad gravel highway on a down grade at a speed of 55 miles per hour. Under the Iowa law, as it then existed, the speed limit was 40 miles per hour. The defendant was therefore violating that law. It is the law of this state that a person inflicting an injury resulting from a violation of the law is guilty of negligence per se.

From the evidence submitted in this case the defendant was an inexperienced driver; he was driving down hill on a down hill grade at a speed of 55 miles an hour. The jury might also find from the evidence that he had been driving at that speed for a half mile, with the car swerving from one side of the road to the other. There were no other cars on the road to confuse him; he was driving down a broad highway, as good as any gravel road in Iowa; as his car was traveling down the road it went faster and faster until finally he drove off the road, on the wrong side, into the ditch. It may be that under these circumstances a jury might hold that the defendant was guilty of more than ordinary negligence. The jury was told in the instruction No. 4 that recklessness meant more than negligence; that recklessness meant proceeding without heed of or concern for consequences; that it implied no care coupled with a disregard for consequences.

Under our definition of recklessness it is not necessary to find that the driver intended to injure any one; nor that he intended driving into the ditch; but from the manner in which he was driving, considering his inexperience, and his violation of the speed laws, might not the jury find that he was proceeding without heed of, or concern for consequences, and in such a manner that it implied no care coupled with a disregard for consequences?

The law at that time prohibited driving over 40 miles per hour. The defendant is presumed to know the law. Therefore he knew he was violating speed laws. A person is presumed to intend the natural consequences of his acts. As he knew he was exceeding the speed limit he necessarily knew and intended to violate the law. He was therefore guilty of negligence. We realize that it is not sufficient to show recklessness, but the element of his intentional violation of the law, in connection with the manner of his driving, swerving from one side of the road to the other, traveling down grade at a rate of 55 miles an hour, on a gravel road with the

ordinary depressions in it, and all other facts and circumstances in the case, should be taken into consideration by the jury in determining whether or not the defendant was operating his car in a reckless manner. The jury might find from the evidence that the defendant did not have his car under control for about a half mile; that during that time it was swerving from one side of the road to the other; that he was intentionally driving in violation of the speed laws; that he was driving down grade without slackening his speed; that he was an inexperienced driver; and that he made no attempt to slacken the speed of his car until long after it got beyond his control, and that instead of doing anything at that time to slacken its speed or get it under control he inadvertently put his foot on the gas instead of the brake.

Although more than negligence must be shown to constitute recklessness, all of these matters when considered together may be sufficient to warrant the jury in finding that the defendant was guilty of more than negligence; that he was proceeding without heed of or concern for consequences; and as a whole that the evidence implied no care, coupled with disregard for consequences. We believe the evidence introduced has a bearing upon the question of recklessness and makes out a prima facie case for the jury. If all minds could not reasonably agree upon whether or not the facts and circumstances in evidence make out a case of recklessness, then it was a question for the jury.

Recklessness is an inference of fact to be drawn from the evidence offered, and is a matter for the determination of the jury. Astruc v. Star Co. (C. C. A.) 204 F. 776; Brandsoy v. Bromeland, 177 Minn. 298, 225 N. W. 162, loc. cit. 163; State v. Sullivan, 58 N. D. 732, 227 N. W. 230; Smith v. Clemmons, 216 Ala. 52, 112 So. 442.

The same rule of law as to the sufficiency of the evidence in negligence cases should also apply to cases involving recklessness. It is the well settled law in negligence cases that if there is any evidence tending to show negligence, that question should be submitted to the jury. So, likewise, in recklessness cases it should also be the rule that if there is any evidence tending to establish the charge of recklessness, that question should also be submitted to the jury. To hold otherwise in this case would be invading the province of the jury.

We do not feel justified in holding, as a matter of law, that the

evidence was not sufficient to make out a prima facie case of reck-lessness. It was properly submitted to the jury.

IV. Defendant claims the verdict of $5,000 was excessive. It included pain and suffering and disfiguration. The boy was in a hospital for some time and suffered considerable pain. Among his injuries were a very irregular long laceration on the left side of the face, from the hair line down across the cheek, chin, and un-derneath the chin; a scalp wound on the left front part of the scalp, about two inches long; the lower lip was cut through and a cut on the upper lip. They put in from 15 to 20 stitches on his face. The scar was substantially the same at the trial as it was two years be-fore; he will never be relieved of the disfiguration, a beard will not grow on the scar, and there will be discoloration; the wound will never be any better. One of the doctors testified that plaintiff had an extensive scar on the left side of the skull, another jagged and thick scar running down the left side of his face from the hair line to the angle of his chin. The scar is permanent, does not have nor-mal circulation, and is more or less sensitive to heat and cold. Changes in the temperature will make the scar more noticeable.

We are asked to say that the verdict was excessive. There are many cases cited by appellant in which this court has held that ver-dicts allowed for certain injuries were excessive. If the scar in this case was at some other place on the plaintiff's body, the verdict might be too much. In this case, however, we are not disposed to disturb the verdict. This is one of those cases in which the jury was perhaps better able to estimate the damage than the court. We cannot say that a life long disfiguration of this kind is not such as would warrant the verdict.

We find no error in the record and the judgment of the lower court is affirmed.

KINDIG, C. J., and STEVENS, ALBERT, and ANDERSON, JJ., concur.