B. F. CRULL, Appellant, v. DES MOINES RAILWAY COMPANY, Appellee.

No. 41936.

NOVEMBER 14, 1933.

F. T. Van Liew and F. W. Burnett, for appellant.

Corwin R. Bennett, for appellee.

STEVENS, J.—Urbandale avenue lies east and west in the city of Des Moines and Forty-eighth street north and south. They intersect and cross each other at a point where the surface of the ground is generally level. Urbandale avenue is traversed by a single track of the appellee Des Moines Railway Company. On the north side of the track is a line of telephone poles. Both streets are paved, except for a distance of eight or ten feet on each side of the track on Urbandale avenue.

On the evening of January 12, 1931, about 6:20, appellant was proceeding south in a Ford sedan on the west side of Forty-eighth street. Approaching him from the east on Urbandale avenue was an automobile driven by one Clark. Appellant drove his automobile up grade onto the tracks of appellee when he was struck by an east-bound car, resulting in serious bodily injuries for which he seeks damages. The automobile was jammed between a telephone pole and the street car. The evening was clear and not very cold. Appellant testified that he looked when about twenty feet north of the north line of Urbandale avenue and saw no car or vehicle approaching from the west; that he then looked east and saw the automobile driven by Clark approaching the intersection from that direction. He was driving his automobile in low at eight or ten miles per hour as he approached and when he attempted to cross the track. The track was three feet higher than the pavement on either side thereof. He testified that he could have stopped his automobile within two feet. Appellant testified that the street car was being operated without a headlight, and that no bell was sounded or other warning given of the approach of the car. Clark testified that at the time of the collision his automobile was slightly west of appellant's and in the rear thereof. He saw all that transpired. He was unable to state whether the headlight on the street car was lighted or not, and did not remember as to whether or not the bell was sounded. He observed the street car as he approached from the east, and testified

that it was lighted, and that the lights were visible from the windows of the car.

The sole ground upon which a verdict was directed was that appellant was guilty of contributory negligence as a matter of law. The speed of appellant's automobile did not, as stated, exceed ten miles per hour. It was under full control of the driver. He approached the street car at right angles. The speed of the street car is not shown in the evidence. Appellant could not have traveled more than forty or fifty feet after he claims to have looked west until the collision occurred. His view to the west and southwest was unobstructed. He testified that he saw lights in houses on the south side of Urbandale avenue facing north, and that, although he looked in that direction, he saw no sign of the street car approaching. Clark saw it and observed that it was lighted. Appellant's opportunity of observing the street car which he was approaching at right angles was much better than Clark's. There was nothing to distract or divert appellant's attention. He approached the track in a perfectly normal way without interference of any kind.

The rule of law which is controlling where contributory negligence is involved has been stated and repeated so many times that a restatement is wholly unnecessary. Appellant was bound, as a matter of law, to see objects in clear view and to observe reasonable care to avoid contact therewith. Had he have looked when within five feet of the track, he must have seen the approaching car, and could then, according to his own testimony, have easily avoided the collision. It is difficult to conceive how he could have looked to the west, as he claims, and not have seen a lighted street car approaching from that direction. He was bound to see that which was within his clear vision. Crossings of the character in question are places of danger, and it was appellant's duty to see objects within his clear unobstructed view. The night was clear, but, of course, more or less dark. The absence of a headlight alone does not, under the facts and circumstances, relieve appellant from the charge of contributory negligence. Numerous cases are cited by appellant, but none of them go so far as to justify recovery under the facts of this case. A positive duty rested upon appellant to use reasonable care to avoid driving upon the tracks immediately in front of an approaching electric car. Surely, if the witness Clark, who was approaching it parallel to its course, could and did see it, there is no sound reason why appellant, who was approaching it at right angles

and whose course took him directly across the track, should not, in the exercise of any reasonable degree of care, have seen its approach. The rules of law applicable to this case are well stated in Rosenberg v. Des Moines Railway Co., 213 Iowa 152, 238 N. W. 703, and Sergeant v. Challis, 213 Iowa 57, 238 N. W. 442.

There is no way to avoid the conclusion that appellant was guilty of contributory negligence as a matter of law, and no question of fact was presented for the jury to pass upon. The judgment of the court below is accordingly affirmed.—Affirmed.

ALBERT, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.